IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., JANE DOE, individually, and on behalf of JAMIE DOE, *Plaintiffs*, v. MERCER COUNTY BOARD OF EDUCATION, DEBORAH S. AKERS, individually and in her official capacity as superintendent of Mercer County Schools, *Defendants*. | : : : : : : : : : : : : : : : : : : : : : | Civil Action No. 1:17-cv-00642 |

## PROPOSED ORDER/PROTECTIVE ORDER

Upon consideration of the Plaintiffs' Motion for Leave to Use Pseudonyms and for Protective Order and the Brief in Support, it is hereby ORDERED:

1. The individual plaintiffs shall be allowed to proceed in this cause with the use of pseudonyms Jane Doe and Jamie Doe in place of their true identities. The parties shall utilize the pseudonyms for the plaintiffs in all pleadings, papers, hearings in open court, and other statements and documents that are matters of public record.

2. This Order governs the use of all produced identifying information that Plaintiffs may produce to Defendants in response to informal inquiry or formal discovery requests made by Defendants. This Order does not address what identifying information must be produced by Plaintiffs and deals only with the handling of any identifying information that is produced at any point by Plaintiffs.

3. For purposes of this Order, "identifying information" shall refer to any information from which the identity of Plaintiffs Jane Doe, and Jessie Doe (the "moving Plaintiffs") may be determined and shall include but not be limited to current or prior names of the moving Plaintiffs or family members of the moving Plaintiffs, current or former addresses of the moving Plaintiffs or family members of the moving Plaintiffs, current or former telephone number(s) of the moving Plaintiffs or family members of the moving Plaintiffs, current or former email addresses of the moving Plaintiffs or family members of the moving Plaintiffs, and social security numbers of the moving Plaintiffs or family members of the moving Plaintiffs.

4. Any and all identifying information to be provided to Defendants by Plaintiffs shall be provided and protected as follows:

    a. Undersigned counsel for Plaintiffs ("Plaintiffs' Counsel") shall provide any identifying information directly to the litigation counsel for Defendants.

    b. Plaintiffs' Counsel shall provide such identifying information via mail or email directed to Defense Counsel and such communication shall be clearly marked "CONFIDENTIAL -- ATTORNEY'S EYES ONLY."

    c. Upon receipt of any and all identifying information, Defense Counsel shall maintain the secrecy and confidentiality of such identifying information.

    d. Defense Counsel shall only disclose identifying information to the following individuals, under the following circumstances:

        i. To the extent necessary to allow counsel to fully and fairly represent Defendants, Defense Counsel may disclose identifying information to other attorneys, paralegals, assistants, and other support staff persons who work with Defense Counsel; and

        ii. To the extent necessary to verify, through the use of school records, that the moving Plaintiffs have appropriate standing to bring the instant lawsuit, Defense Counsel may disclose identifying information to the Mercer County Schools Coordinator of Pupil Services.

        iii. In the event that Defendants believe that identifying information must be disclosed to additional persons for the purpose of discovering relevant evidence, Defendants shall make an offer of proof regarding the proposed disclosure and discovery and attempt to confer with Plaintiffs' Counsel in an effort to reach an agreement on how to handle the requested additional disclosure of identifying information, Defendants may petition the Court for modification of this Protective Order.

    e. Prior to providing any and all identifying information to any of the individuals identified in Paragraphs 4(d)(i) and 4(d)(ii) above, Defense Counsel shall provide any such individuals with a copy of this Protective Order and confirm that (1) the individual is aware of this Protective Order and (2) he or she is subject to the terms of the Protective Order, including the requirement that identifying information be kept strictly confidential.

2. In the event that Defendants deem it necessary to file any pleadings or documents with this Honorable Court which contain or may contain identifying information, Defendants agree that they shall file such pleadings or documents as "UNDER SEAL PURSUANT TO ORDER OF COURT."

3. Defendants agrees that they shall not present any identifying information in open court. In the event that Defendants deem it necessary to present such identifying information to the Court, Defendants agree that they shall file request that the Court review such information *in camera*.

4. This Protective Order shall remain in full force and effect for the duration of this matter, including any appeals.

5. Upon the final conclusion of this matter, Defense Counsel and any recipient of any identifying information shall provide counsel for moving Plaintiffs with an affidavit stating that the Mercer County Schools Coordinator of Pupil Services or any recipient of identifying information destroyed all copies (paper or electronic) of the communications (documents or emails) containing identifying information in a manner that would make it impossible for any other person to access the data.

Respectfully submitted,

/s/ Marcus B. Schneider
Marcus B. Schneider, Esquire
*Counsel for Plaintiff*

BY THE COURT:

Date: June 19, 2017

David A. Faber
Senior United States District Judge