IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al., | |
| Plaintiffs, | |
| v. | Civil Action No.: 1:17-cv-00642 |
| | Hon. David A. Faber |
| MERCER COUNTY BOARD OF EDUCATION, et al., | |
| Defendants. | |

**DEFENDANTS MERCER COUNTY BOARD OF EDUCATION, MERCER COUNTY SCHOOLS, AND DR. DEBORAH AKERS'S MOTION TO DISMISS**

Come now defendants Mercer County Board of Education, Mercer County Schools, and Dr. Deborah Akers (collectively "Defendants"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and move this Honorable Court to dismiss the claims set forth against them for failure to state a claim upon which relief may be granted. In support of their Motion, Defendants state as follows:

1. On December 17, 2018, the United States Court of Appeals for the Fourth Circuit (hereinafter "Fourth Circuit") held that the instant case is not moot because the Bible in the Schools (hereinafter "BITS") program was suspended, rather than eliminated outright. ECF No. 59.

2. On January 3, 2019, the Mercer County Board of Education (hereinafter the "Board") passed a resolution stating that the Board: (1) "will never offer or employ the BITS program in any of its schools;" (2) "does not now or in the future intend to offer a Bible elective curriculum in any of its elementary schools;" and (3) "will not now or in the future employ teachers for the purpose of teaching a Bible

elective curriculum in any of its elementary schools." See Declaration of Paul Hodges, incorporated and attached hereto as Exhibit 1.

3. Plaintiffs' First Amended Complaint fails to identify any personal actions taken by Dr. Akers, but relies only upon allegations that Dr. Akers is liable as a supervisor. ECF No. 21, ¶ 98.

4. According to Plaintiffs' First Amended Complaint, Jessica Roe was exposed to the BITS program no later than 2013, but did not file the present suit until January 18, 2017. ECF No. 21, ¶¶ 34-35.

5. Where a legislative body formally repeals a policy, the Fourth Circuit has held that the case is moot unless "reenactment is not merely possible but appears probable." *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006).

6. A claim for nominal damages does not prevent a determination that a case is moot. See *Am. Legion Post 7 v. City of Durham*, 239 F.3d 601 (4th Cir. 2001).

7. In an action against a supervisor under § 1983, a plaintiff "must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (internal quotations omitted).

8. Qualified immunity "protects government officials from civil damages in a 42 U.S.C.S. § 1983 action insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Edwards v. City of Goldsboro*, 178 F.3d 231, 250 (4th Cir. 1999).

9. When analyzing the applicability of qualified immunity, a court may first look to whether the right allegedly violated is "clearly established;" if the

allegedly violated right is not clearly established, immunity is proper. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

10. A right is clearly established only when it has been authoritatively decided by the Supreme Court, the appropriate United States Court of Appeals, or the highest court of the state. *Doe v. S.C. Dep't. of Soc. Servs.*, 597 F.3d 163, 176 (4th Cir. 2010).

11. Establishment Clause precedents lack clarity and consistency, and fall into an area of "hopeless disarray". *Rosenberger v. Rectors of the Univ. of Va.*, 515 U.S. 819, 861 (1995) (Thomas, J., concurring).

12. To establish § 1983 liability for a municipality, a plaintiff must show that the violation was made by a final policy making official. *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999).

13. A claim brought pursuant to § 1983 is subject to the statute of limitations for a personal injury action in the state it is brought; in West Virginia, that is two years. *Bell v. Bd. of Educ.*, 290 F. Supp. 2d 701, 709 (S.D.W. Va. 2003).

14. As the Board has terminated, rather than suspended, the BITS program and has proclaimed its intention that the program will never be revived, Plaintiffs' claims are moot, even when considering their request for nominal damages.

15. Plaintiffs have failed to establish a § 1983 claim against Dr. Akers because there is no personal action of Dr. Akers alleged to have caused any injury.

16. Even if Plaintiffs have established a § 1983 claim against Dr. Akers, she is entitled to qualified immunity because the lack of clarity and consistency in Establishment Clause jurisprudence evidences the rights allegedly violated were not "clearly established."

17. Mercer County Schools is not the final policy making body for the school district and therefore is not subject to a § 1983 claim.

18. Plaintiffs filed this suit more than three years after their claim accrued; thus, their claims are barred by the two-year statute of limitations for a § 1983 claim.

19. Defendants incorporate the supporting Memorandum of Law filed contemporaneously herewith.

WHEREFORE, Defendants request this Honorable Court grant their Motion; enter an Order dismissing the case as moot, or in the alternative, dismiss all claims as barred by the statute of limitations, or in the further alternative, dismiss the claims against Dr. Akers and Mercer County Schools for failure to state a claim, or dismiss the claims against Dr. Akers based upon qualified immunity; and, award them such other and further relief as this Court deems proper.

                                      MERCER COUNTY BOARD
                                      OF EDUCATION;
                                      MERCER COUNTY SCHOOLS;
                                      and DEBORAH S. AKERS, in her
                                      individual capacity,
                                      By Counsel.

/s/ Kermit J. Moore
Kermit J. Moore (WV State Bar No. 2611)
W. Blake Belcher (WV State Bar No. 12212)
Brewster, Morhous, Cameron, Caruth,
      Moore, Kersey & Stafford, PLLC
418 Bland Street
Post Office Box 529
Bluefield, West Virginia 24701
(304) 325-9177
(304) 324-0362 *fax*

## CERTIFICATE OF SERVICE

        I, Kermit J. Moore, counsel for Defendants, hereby certify that on the 10th day of April, 2019, I electronically filed the preceding DEFENDANTS MERCER COUNTY BOARD OF EDUCATION, MERCER COUNTY SCHOOLS, AND DR. DEBORAH AKERS'S MOTION TO DISMISS with the Clerk of this Court using the CM/ECF system, which, in turn, will send notification of such filing to the following CM/ECF participants, counsel of record:

        Marcus B. Schneider, Esquire
        Steele Schneider
        428 Forbes Avenue, Suite 700
        Pittsburgh, Pennsylvania 15219

        Kristina T. Whiteaker, Esquire
        David L. Grubb, Esquire
        The Grubb Law Group
        1114 Kanawha Boulevard, East
        Charleston, West Virginia 25301

        Patrick C. Elliott, Esquire
        Christopher Line, Esquire
        Freedom From Religion Foundation
        10 North Henry Street
        Madison, Wisconsin 53703

        Hiram S. Sasser, III, Esquire
        Jeremiah G. Dys, Esquire
        Reed N. Smith, Esquire
        First Liberty Institute
        2001 West Plano Parkway, Suite 1600
        Plano, Texas 75075

        David R. Dorey, Esquire
        O'Melveny & Myers LLP
        1625 Eye Street, N.W.
        Washington, D.C. 20006

        /s/ Kermit J. Moore