IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al., | |
| *Plaintiffs,* | Civil Action No. 1:17-cv-00642 |
| vs. | Hon. David A. Faber |
| MERCER COUNTY BOARD OF EDUCATION, et al., | |
| *Defendants.* | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT REBECCA PEERY'S MOTION TO DISMISS FOR FAILURE TO SERVE PROCESS**

**Introduction**

Defendant Rebecca Peery has filed a new motion seeking dismissal *without prejudice* of Plaintiffs' Amended Complaint against her because Plaintiffs did not serve the Amended Complaint on her within 90 days of its filing. Defendant Peery has once again misconstrued the circumstances surrounding Plaintiffs' failure to serve. As this case has progressed, Defendant Peery has not only been granted relief by this court, but also signed onto Defendants' motion to stay proceedings. Defendant Peery has participated in and benefitted from this case while claiming that she is not part of it. This court has the discretion to allow Plaintiffs to serve Defendant Peery, which would serve judicial economy and would not prejudice Peery given the early stage of this case and her participation in it.

The Court should deny Defendant Peery's motion and exercise the discretion it is afforded under Rule 4(m) of the Federal Rules of Civil Procedure to briefly extend

1

Plaintiffs' deadline for service by ordering that Defendant Peery be served in a specified time. Plaintiffs' non-service of the Amended Complaint initially occurred against the backdrop of ongoing litigation of dispositive motions as to all other Defendants, which applied with equal force to Plaintiffs' claims against Defendant Peery. Since this issue was remanded to this court on December 17, 2018, Plaintiffs have been awaiting a ruling granting an extension of time to serve Defendant Peery. Judicial economy and the commands of Rule 1 of the Federal Rules of Civil Procedure will be far better served by a brief extension of time for service, which will not prejudice Defendant Peery given the fact that her counsel—the same counsel representing all other Defendants—has had notice of Ms. Peery's inclusion in this litigation since its beginning.

## Factual and Procedural Background

On January 19, 2017, Plaintiffs Freedom From Religion Foundation, Jane Doe, and Jamie Doe filed the original Complaint in this case against Defendants Mercer County Board of Education, Mercer County Schools, and Deborah Akers (the non-moving Defendants). On March 28, 2017, the original Plaintiffs and Plaintiffs Elizabeth Deal and Jessica Roe filed an Amended Complaint against the non-moving Defendants and Defendant Rebecca Peery. (ECF No. 21). The same day, the parties filed a Joint Scheduling Motion setting forth proposed deadlines for the filing of papers related to Defendants' anticipated motion to dismiss (ECF No. 22), which was granted by the Court (ECF No. 23).

The parties filed their memoranda identified in the scheduling order (ECF No. 26, 28, 30). In addition, Plaintiffs also filed a sur-reply memorandum to address arguments raised in the non-moving Defendants' Reply. (ECF No. 33). In its Memorandum in

Support of Motion to Dismiss First Amended Complaint (Memorandum in Support), counsel for the non-moving Defendants' noted in a footnote that the motion to dismiss was not being filed on behalf of Defendant Rebecca Peery. (ECF No. 26, 8 n.2) In the Reply, counsel for the non-moving Defendants again stated that brief was not being filed on behalf of Defendant Rebecca Peery. (ECF No. 30, 1 n.1). On June 19, 2017, the Court held oral argument on the non-moving Defendants' Motion to Dismiss, and on July 6, 2017, the Court requested additional briefing on the legal issues surrounding Defendants' Motion to Dismiss.

On July 12, 2017, Plaintiffs filed a summons for issuance by the Clerk for purposes of serving the Amended Complaint on Rebecca Peery. The same day, Defendant Peery, through counsel representing the non-moving Defendants, filed a motion to dismiss the Amended Complaint (and memorandum in support) for failure to serve the Amended Complaint on Rebecca Peery within ninety days of its filing. In support of her argument, Defendant Peery mischaracterized Rule 4 (m) of the Federal Rules of Civil Procedure as requiring dismissal with prejudice in all cases absent good cause.

On November 14, 2017, this court dismissed the Plaintiffs' claims against Defendant Peery, despite the fact that she did not join Defendants' motion to dismiss. Plaintiffs appealed and on December 17, 2018, the Fourth Circuit remanded Defendant Peery's 4(m) motion to this court for consideration in the first instance. Defendant Peery has now filed a second Rule 4(m) motion to dismiss. Plaintiffs are requesting that this court allow them an extension of time to serve Defendant Peery.

**Argument**

Rule 4(m) provides a court with three options when presented with motions to dismiss for lack of service within the time proscribed by the rule. Fed. R. Civ. P. 4(m). Where good cause for non-service exists, (1) a court *must* extend the deadline for service, and absent good cause, a court may, in its discretion, either (2) dismiss the complaint without prejudice or (3) extend the time for filing by ordering the plaintiff to serve the complaint within a specified time period. *Id.*; *Robinson v. GDC, Inc.*, 193 F.Supp.3d 577, 581-84 (E.D. Va. June 21, 2016). The ability of a court to "order that service be made within a specified time is in no way connected to any good cause requirement." *Robinson*, 193 F.Supp.3d at 581 (internal quotations omitted).

Defendant Peery contends that the only way the Court may extend the time for filing is where good cause is shown, but this is no longer true. Defendant relies on an aged Fourth Circuit case to support this argument—*Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995)—and she ignores (1) the plain language of Rule 4(m), (2) the fact that *Mendez* interpreted a prior version of Rule 4, and (3) the increasingly negative treatment of *Mendez* in the interpretation of the 2015 version of Rule 4(m) at issue in this case.

The Fourth Circuit's ruling in *Mendez* has stood alone in holding that, absent good cause, a district court cannot extend time for service. Since the 1993 amendments to Rule 4, the majority of Circuits have held that a district court may, in its discretion, enlarge the service period even absent good cause. *See Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Adams v. Allied Signal Gen. Aviation*

4

*Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005).

While some district courts in the Fourth Circuit have continued to blindly follow *Mendez*, many have reasonably concluded that as a result of the 1993 and 2015 amendments to Rule 4, "*Mendez* is no longer the controlling authority in the Fourth Circuit because, contrary to former Rule 4(j), Rule 4(m) no longer *requires* a court to dismiss a complaint absent a showing of good cause." *Robertson v. Beacon Sales Acquisition*, No. GJH-16-3241, 2018 WL 2464455, at *3 n.7 (D. Md. May 31, 2018) (citing *LHF Prods., Inc. v. Does*, No. 3:16cv284, 2016 WL 7423094, at *6 n.11 (E.D. Va. Dec. 22, 2016)); *See also Escalante v. Tobar Constr., Inc.,* No. 8:18-CV-00980-PX, 2019 WL 109369, at *1 (D. Md. Jan. 3, 2019); *Lee v. Hagerstown Goodwill Indus., Inc.*, No. RDB-16-1364, 2017 WL 1364755, at *2 (D. Md. Apr. 14, 2017); *Broome v. Iron Tiger Logistics, Inc.*, No. 7:17cv444, 2018 WL 3978998, at *2 (W.D. Va. Aug. 20, 2018); *Lostutter v. Olsen*, No. 1:16-cv-1098, 2017 WL 3669557, at *5 n.4 (M.D.N.C. Aug. 24, 2017).

As the Eastern District of Virginia has held, *Mendez*'s "restrictive interpretation of the scope of the prior Rule 4(m) is no longer the law of the Fourth Circuit." *Robinson*, 193 F.Supp.3d at 584. This rejection of the restrictive holding in *Mendez* is amply supported. *Id.* at 581-84. First, as most other circuits have held, the plain language of Rule 4(m) clearly allows for an extension of time to serve process "regardless of whether a plaintiff can show good cause for delay." *Id.* at 581 (reviewing the plain language of the rule and surveying cases from other circuits). Second, the restrictive holding in *Mendez* has been nearly universally criticized, by courts and commentators and even within the Fourth

5

Circuit. *Id.* (citations omitted); *see Hansan v. Fairfax Cty. Sch. Bd.*, 405 Fed.Appx. 793, 793-94 (4th Cir. 2010) (recognizing that a court may extend the time for service of process even without a showing of good cause). Third, *Mendez* did not interpret the 2015-amended Rule 4 at issue in this case, a statutory interpretation analysis of which supports a rejection of *Mendez*. *Robinson*, at 582-583. Fourth, Rule 1 of the Federal Rule of Civil Procedure, which was not in place at the time *Mendez* interpreted a prior version of Rule 4, compels the more expansive interpretation of Rule 4 adopted by nearly every other circuit court and recent district courts within this circuit. *Id.* at 584. Finally, the Supreme Court has noted in dicta that the 1993 amendments to the Rule "accorded discretion to enlarge the 120–day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996) (quoting Advisory Committee's Notes on Fed. R. Civ. P. 4, 28 U.S.C. App., p.654).

Thus, the Court need not determine whether good cause exists to extend Plaintiffs' time for serving the Amended Complaint on Defendant Peery. Under Rule 4(m), the Court may freely utilize its discretion to order Plaintiffs to serve the Amended Complaint in a specified time. Based upon the circumstances in this case, the appropriate resolution of Defendant's motion is to order Plaintiff to serve the Amended Complaint on Defendant Peery within whatever time period the Court considers reasonable.

Three considerations warrant the discretionary extension of time within which Plaintiffs may serve the Amended Complaint on Defendant Peery. First, Plaintiff's non-service of the Amended Complaint on Defendant Peery occurred against the backdrop of pending dispositive motions that could result in dismissal of the case en masse. Second, Defendant Peery's counsel has had notice and knowledge of the Amended Complaint since

it was filed. Third, judicial economy favors a brief extension of the time to complete service as opposed to refiling of a complaint against Defendant Peery and later consolidation of that complaint with this case. These considerations dictate that a brief extension of the time for service will secure the most "just, speedy, and inexpensive" resolution to this issue. *See* Fed. R. Civ. P. 1.

In determining whether the time for service should be extended, the procedural circumstances surrounding the case prior to Plaintiff's belated attempt to serve Defendant Peery must be considered. At the time the Amended Complaint was filed, the parties had already determined a briefing schedule to address the non-moving Defendants' anticipated motion to dismiss. As a result, the immediate focus after filing of the Amended Complaint was the handling of the non-moving Defendants' dispositive motion.

Moreover, Defendant Peery will not be prejudiced by a brief extension of the time for service because her counsel (and very likely Ms. Peery herself) has been aware of the filing of the Amended Complaint—and its naming of Defendant Peery as an additional defendant—since March 28, 2017, the day the Amended Complaint was filed. Plaintiffs were unaware that Defendant Peery was being represented by the non-moving Defendants' counsel. Had the non-moving Defendants' counsel made it known that they were representing Defendant Peery, Plaintiffs would have been able to avoid service altogether by seeking (and hopefully obtaining) a waiver of service from all Defendants' counsel. At the very least, the fact that Defendant Peery has had reason to know about her inclusion in the Amended Complaint since the beginning of this case, and the fact that she signed on to Defendants' motion to stay proceedings which gives her the benefit of making arguments to the court while claiming that she is not part of this case, should dispel any concern the

Court might have for prejudice to Ms. Peery by briefly extending Plaintiffs' deadline for service.

Judicial economy will be best served by briefly extending Plaintiffs' time for serving the Amended Complaint. Any dismissal of the Amended Complaint against Rebecca Peery under Rule 4 must be a dismissal without prejudice. Thus, Plaintiffs would simply refile a new complaint against Defendant Peery with plans of eventually consolidating the new case with this one. Given that non-moving defendants have not yet filed an answer in this case and no discovery has taken place, it makes far more sense to allow this case to remain a singular matter from the outset. Dismissing the claim with prejudice will merely ensure "needless delay and expense," *Robinson*, 193 F.Supp.3d 584 (citation omitted), while briefly extending Plaintiffs' time for serving the Amended Complaint in these circumstances will conform with Rule 1's command to apply the rules to ensure "just, speedy, and inexpensive" resolution of issues.

## Conclusion

In light of the circumstances of this case, the Court should deny Defendant Rebecca Peery's motion to dismiss and exercise its discretion to briefly extend Plaintiffs' time for service of the Amended Complaint on Defendant Peery. The Federal Rules of Civil Procedure support such a decision; Rule 4(m) clearly contemplates and allows for this sort of exercise of discretion, and Rule 1 compels this result because it avoids undue expense and delay. Plaintiffs are prepared to serve the Amended Complaint on Defendant Peery immediately upon the Court's order for them to do so.

        Respectfully submitted,

        */s/ Marcus B. Schneider, Esquire*
        Marcus B. Schneider, Esquire
        W.V. I.D. No. 12814
        STEELE SCHNEIDER
        428 Forbes Avenue, Suite 700
        Pittsburgh, PA 15219
        (412) 235-7682
        (412) 235-7693/facsimile
        mschneider@steeleschneider.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 24, 2019, the foregoing **MEMORANDUM IN OPPOSITION TO DEFENDANT REBECCA PEERY'S MOTION TO DISMISS FOR FAILURE TO SERVE PROCESS** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.

*/s/ Marcus B. Schneider, Esquire*
Marcus B. Schneider, Esquire
