**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

FREEDOM FROM RELIGION
FOUNDATION, INC., et al.,

          *Plaintiffs,*

   vs.

MERCER COUNTY BOARD OF
EDUCATION, et al.,

          *Defendants.*

Civil Action No. 1:17-cv-00642

Hon. David A. Faber

## PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY

    Plaintiffs Elizabeth Deal and Jessica Roe, by and through their undersigned counsel, file this Motion for Leave to Conduct Limited Discovery. In support of this request, Plaintiffs state as follows:

**I.    Background**

    1.    On April 10, 2019, Defendants Mercer County Board of Education, Mercer County Schools, and Dr. Deborah Akers filed a motion to dismiss ("Defendants' Motion to Dismiss"). ECF 80.

    2.    Defendants' Motion to Dismiss is styled as a Rule 12(b)(6) motion and presents four distinct challenges to Plaintiffs' Amended Complaint: (1) that the case is moot as to *all Defendants*; (2) that Defendant Akers is entitled to qualified immunity; (3) that Defendant Mercer County Schools is not a final policymaker; and (4) that Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Defendants' arguments that the case is moot are based upon factual developments that have occurred since the case was filed.

4.      Specifically, Defendants' support the mootness argument in their Motion to Dismiss with a Declaration of the President of Defendant Mercer County Board of Education and a copy of the purported Board Resolution terminating the BITS program at issue in this case.

5.      Plaintiffs request discovery on the factual issues related to Defendants' claims of mootness.

**II.     Request for Relief**

6.      This Court has the discretion to and should provide Plaintiffs with the opportunity to conduct limited discovery on the issue of mootness, so that it may consider Defendants' motion with a full factual record, as opposed to the facts Defendants have cherry-picked to support their Motion to Dismiss.

**A.  Given the factual nature of Defendants' mootness challenge, discovery is appropriate.**

7.      As a Rule 12(b)(6) motion that relies upon facts beyond those asserted in the complaint at issue, Defendants' Motion to Dismiss must be treated as a motion for summary judgment and Plaintiffs must be given an opportunity to conduct relevant discovery.

8.      Even if Defendants seek to recharacterize their Motion to Dismiss as a Rule 12(b)(1) motion, the Court should still grant Plaintiffs' request for leave to conduct limited discovery on the issue of mootness.

9.      Where a Rule 12(b)(1) motion relies upon facts outside the complaint at issue, the motion is treated as a "factual challenge," and in such situations, discovery

should be provided where fact pertinent to a court's jurisdictional analysis will be developed.

### B. The Court's mootness analysis will be fact-intensive, and full development of the relevant facts in limited discovery will be beneficial.

10.     As the Fourth Circuit's prior opinion in this case demonstrates, consideration of whether a case is moot under the "voluntary cessation" doctrine requires a fact-intensive analysis. *Deal v. Mercer County Board of Education*, 911 F.3d 183, 191-192 (4th Cir. 2018) (analyzing surrounding facts, including newspaper reports with comments of school administrators, in assessing whether Defendants met their "heavy burden" under the Fourth Circuit's voluntary cessation doctrine).

11.     Several of the factual developments that have occurred since this case was filed, upon which Defendants rely in support of their mootness arguments, require exploration in discovery in order to be fully considered by the Court.

12.     Discovery is especially appropriate given that the facts and circumstances surrounding Defendants' attempts to moot the case suggest that Defendants have acted in response to this litigation and in order to avoid an adverse ruling in this case.

13.     In addition, judicial economy is favored by full development of these facts through the requested limited discovery, as an incomplete factual record and/or denial of Plaintiffs' request for limited discovery could provide a basis for remanding the same mootness issue to this Court in any future appeal on the issue.

### C. The presence of Defendants' other arguments in their Motion to Dismiss should not prevent the Court from granting the requested relief.

14.     In conjunction with the filing of this motion, Plaintiffs have filed a separate motion requesting that the Court grant Plaintiffs an extension of time to respond

to Defendants' Motion to Dismiss pending completion of the discovery requested in this motion.

15.     Plaintiffs' submit that the Court should first consider mootness before considering Defendants' other arguments and that an initial ruling on this request for discovery will provide the most efficient handling of these matters.

16.     First, Defendants' mootness challenge presents a jurisdictional issue; if the case is moot, the Court lacks jurisdiction to consider Defendants' other substantive arguments.

17.     Second, Defendants' mootness challenge is potentially dispositive of Plaintiffs' entire case. The same cannot be said of Defendants' other arguments.

18.     Defendants' qualified immunity and municipal liability arguments stand to only dismiss certain Defendants (namely, Defendant Akers and Defendant Mercer County Schools) from the case.

19.     Defendants' statute of limitations argument, while potentially dispositive of Plaintiffs' entire case, has no merit; the Fourth Circuit Court of Appeals has already recognized in this case that Plaintiffs have alleged an *ongoing injury*.

20.     Thus, the Court should grant Plaintiffs' request for discovery and also their request for extension of time to file their response to Defendants' Motion to Dismiss.

21.     Plaintiffs wish to conduct written discovery and depositions, limited to those issues bearing upon the Court's analysis of Defendants' mootness arguments.

22.     Plaintiffs request sixty (60) days within which to conduct this jurisdictional discovery and are prepared to begin discovery forthwith.

23.     Counsel for Defendants has been advised of Plaintiffs' intention to seek the requested jurisdictional discovery and has indicated that it plans to oppose Plaintiffs' request.

WHEREFORE, Plaintiffs request the Court enter the attached Proposed Order, providing them with 60 days to conduct jurisdictional discovery on issues related to mootness.

Respectfully submitted,


*/s/ Marcus B. Schneider, Esquire*
Marcus B. Schneider, Esquire
W.V. I.D. No. 12814
STEELE SCHNEIDER
428 Forbes Avenue, Suite 700
Pittsburgh, PA 15219
(412) 235-7682
(412) 235-7693/facsimile
marcschneider@steeleschneider.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2019, the foregoing **MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVREY** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  Parties may access this filing through the Court's ECF system.