IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD

FREEDOM FROM RELIGION
FOUNDATION, INC., et al.,

    Plaintiffs,

v.                                    CIVIL ACTION NO. 1:17-00642

MERCER COUNTY BOARD OF
EDUCATION, et al.,

    Defendants.


                **MEMORANDUM OPINION AND ORDER**

    The United States Court of Appeals for the Fourth Circuit reversed this court's judgment dismissing this case and remanded the case "for further proceedings consistent with the court's decision." ECF No. 60. Pending before the court was defendants' motion to stay proceedings and vacate the scheduling order in this matter. See ECF No. 70. According to defendants, they intend to seek a writ of certiorari from the Supreme Court asking for review of the decision of the Fourth Circuit. At the scheduling conference in this matter, held on April 9, 2019, the court **DENIED** that motion.

    "Once the mandate has issued, `a district court must, except in rare circumstances, implement both the letter and the spirit of the mandate.'" Merchant v. Fairfax County, Virginia, Case No. 1:10CV376, 2012 WL 12830388, *1 (E.D. Va. Sept. 18, 2012) (quoting United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993)). Furthermore, 28 U.S.C. § 2101 does not allow this court to stay

the mandate of the United States Court of Appeals for the Fourth Circuit.  "The relevant statute, 28 U.S.C. § 2101(f), makes clear that the authority to stay a circuit court's mandate `belongs exclusively to the circuit court or to a justice of the Supreme Court.'"  See Merchant at *1 (quoting United States v. Lentz, 352 F. Supp. 2d 718, 725 (E.D. Va. 2005)); see also Ventas Inc. v. HCP, Inc., Civil Action No. 3:07-CV-238-H, 2011 WL 3678819, *2 (W.D. Ky. Aug. 22, 2011) ("The federal courts have consistently relied upon § 2101(f) for the rule that district courts lack jurisdiction to stay the execution of an appellate court judgment.").  Significantly, defendants did not ask the Fourth Circuit for a stay under 28 U.S.C. § 2101(f).

As for defendants' request that the court stay this matter based upon its inherent power to control its docket, the court concludes that defendants have not established their entitlement to such a stay.  "[E]ven assuming the mandate does not constitute a `final judgment or decree' or § 2101(f) does not convey exclusive jurisdiction, such that this Court has jurisdiction to consider the request for stay, the spirit of the `mandate rule' . . . compel[s] this Court to deny the stay."  United States v. Sample, CR. No. 15-4265 JCH, 2018 WL 6622198, *3 (D.N.M. Dec. 18, 2018).

For all these reasons, the motion to stay and vacate was **DENIED.**

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 6th day of May, 2019.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge