**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | | |
|---|---|---|
| ELIZABETH DEAL, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.: 1:17-cv-00642 |
| | § | |
| MERCER COUNTY BOARD | § | Hon. David A. Faber |
| OF EDUCATION, et al., | § | |
| | § | |
| Defendants. | § | |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR
<u>LEAVE TO CONDUCT LIMITED DISCOVERY</u>**

As noted in Defendants'[1] motion to dismiss [Doc. 80], the Fourth Circuit and every other circuit court have held that a legislative repeal of a challenged policy meets the "heavy burden" to show mootness renders the challenge moot. *See Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333-34 (11th Cir. 2005) ("[T]he cases are legion from this and other courts where the repeal of an allegedly unconstitutional statute was sufficient to moot litigation challenging the statute."). Here, the Mercer County Board of Education (the "Board") passed a resolution that it "will never offer or employ the BITS [Bible in the Schools] program in any of its schools" (the "Resolution"). Plaintiffs do not—and cannot—dispute that the Resolution passed and represents the official policy of the Board. Plaintiffs do not—and cannot—point to any discovery that would be material in light of the Resolution terminating BITS.  Instead, Plaintiffs request that the Court subject Defendants to expansive and expensive discovery in hopes to show that the Board has no intention to abide by its duly-passed Resolution.

Courts have held that a case involving legislative repeal of a challenged policy is moot unless it is "virtually certain" that the Defendant will reenact the challenged policy.  *Moore v. City of Asheville*, 290 F. Supp. 2d 644, 672 (W.D.N.C. 2003) (quoting *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994)).  Consequently, cases finding that a case is not moot despite a legislative repeal are "generally limited to the circumstance, and like circumstances, in which a defendant ***openly announces its intention to reenact precisely the same provision held unconstitutional below***."  *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000) (emphasis added).  The public record shows that neither of those factors are present.  Discovery is not warranted, and Plaintiffs point to no cases where courts have allowed Plaintiffs to conduct discovery to show that a legislative repeal is a sham.  Rather, public officials are presumed to act

---

[1] "Defendants" as used herein does not include Rebecca Peery.

1

in good faith. *See Porter v. Clarke*, 852 F.3d 358, 364 (4th Cir. 2017) ("[A] governmental entity's change of policy renders a challenge moot when the governmental entity 'has not asserted its right to enforce [the challenged policy] at any future time.'" (quoting *Telco Commc'ns, Inc. v. Carbaugh*, 885 F.2d 1225, 1231 (4th Cir. 1989))).

To the extent that the Board's intent is at issue, it is known through the Board's Resolution and official acts. *Id.*; *see also Broughman v. Carver*, 624 F.3d 670, 675 (4th Cir. 2010) ("Because Congress' intent 'can most easily be seen in the text of the Acts it promulgates,' we begin with an examination of the statute's 'plain text.'" (quoting *United States v. Willis*, 234 F.3d 174, 178 (4th Cir. 2000))). The Resolution and the Board's official acts are matters of public record and cannot serve as the basis for discovery. To avoid the ambit of these cases compelling dismissal, Plaintiffs misleadingly refer to "Defendants' statements," but rely exclusively on statements made by one defendant—Dr. Deborah Akers. However, Dr. Akers is not a member of the Board and has no authority to reinstate the BITS Program in light of the Resolution.

Plaintiffs have not served any discovery requests to date—understandably so—Plaintiffs have failed to identify either (1) any justiciable issues for which discovery is permissible or prudent, or (2) any controverted facts for which discovery is necessary. Plaintiffs rely on broad generalities because concrete requests for production and interrogatories would demonstrate that there are no *facts* that are in controversy, merely speculation and innuendo. Under well-established precedent, this suit became moot when the Board passed the Resolution, a fact that is undisputed and indisputable. Because there are no contested issues of fact that are material to whether this matter is moot, the Court should deny Plaintiffs' request to grant discovery.

## ANALYSIS

**I.      Discovery is not necessary or useful to resolve the issue of mootness.**

A legislative repeal of a challenged policy renders the challenge moot.    *See Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000) ("[W]e remain satisfied that statutory changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." (quoting *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994))); *see also Porter*, 852 F.3d at 364 (noting that "a governmental entity's change of policy renders a challenge moot").

The facts supporting mootness are uncontroverted: (1) Plaintiffs filed a challenge to Mercer County's Bible in the School (BITS) Program; and (2) the Mercer County Board of Education passed a resolution that its schools "**will never offer or employ the BITS program in any of its schools**." [Doc. 79-1].  Because there are no controverted facts that are probative to any material issue, the Court should deny Plaintiffs' request to conduct discovery.

**A.  The Resolution renders this case moot.**

As noted in Defendants' motion to dismiss, in cases where a legislative body formally repeals a policy, courts will find the case is moot unless "reenactment is not merely possible but appears probable." *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006) (citing *Am. Legion Post 7 of Durham, N.C. v. City of Durham*, 239 F.3d 601, 606 (4th Cir. 2002)); *see also Valero Terrestrial Corp.*, 211 F.3d at 116 ("statutory changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.'" (quoting *Native Village of Noatak*, 38 F.3d at 1510)); *Doe v. Shalala*, 122 F. App'x 600, 602 (4th Cir. 2004) ("A legislature may voluntarily cease

3

allegedly illegal conduct by amending or repealing the challenged law or by allowing it to expire. In general, the amendment, repeal, or expiration of a statute moots any challenge to that statute.").

The deference given to legislative action revoking a challenged policy is so great that the Fourth Circuit has held that such cases are moot unless "a defendant *openly announces* its intention to reenact *precisely the same* provision *held unconstitutional below*." *Valero Terrestrial Corp.*, 211 F.3d at 116 (emphasis added). This case presents none of the factors that preclude mootness: (1) the Board has not announced an intent to reenact the same curriculum, and (2) the curriculum has not been held unconstitutional by any court.

**B.  Plaintiffs fail to identify any controverted issues for which discovery is helpful.**

In order to conduct discovery on the issue of mootness, Plaintiffs must show that there is some material issue of fact for which discovery is probative. *Kerns v. United States*, 585 F.3d 187, 196 (4th Cir. 2009) (noting dismissal is appropriate where contested facts are "clearly immaterial"). Plaintiffs cannot identify any material issues of disputed fact because, in light of the Resolution, there are none.

a.  Plaintiffs' sole basis for discovery is immaterial statements by Dr. Akers.

The sole basis for discovery identified by Plaintiffs is their counsel's expectation that "there will be disputed genuine issues of material fact pertaining to Mercer County Parties intent regarding the Bible in the Schools program." [Doc. 87-1 at ¶ 4]. This assertion is "[b]ased on statements by Mercer County Parties." *Id.* Significantly, the "statements by Mercer County Parties" upon which Plaintiffs rely are not statements by the Board or its members, but rather are attributed to Superintendent Akers. *See* [Doc. 87-1 at ¶¶ 6, 8].

However, the intent of the "Mercer County Parties" is irrelevant. The Board passed the Resolution terminating the BITS program and is the sole policymaking authority with respect to

whether to continue the BITS program. *Carr-Lambert v. Grant Cnty. Bd. of Educ.*, No. 2:09-cv-61, 2009 U.S. Dist. LEXIS 58194, at *8 (N.D.W. Va July 2, 2009). Thus, to the extent intent is relevant at all, it is only relevant as to the Board. Superintendent Akers and Mercer County Schools cannot reinstate the BITS program without Board approval; their intent is entirely immaterial as to whether this case is moot. Thus the "statements by Mercer County Parties" on which Plaintiffs' rely are immaterial to the issue of whether the Resolution renders the suit moot.

b. <u>The Intent of the Board is known through its Resolution.</u>

To the extent that the Board's intent is relevant, the Board's intent is best known through the text of the Resolution, not facts and circumstances about its passage. *See Broughman v. Carver*, 624 F.3d 670, 675 (4th Cir. 2010) ("Because Congress' intent 'can most easily be seen in the text of the Acts it promulgates,' we begin with an examination of the statute's 'plain text.'" (quoting *United States v. Willis*, 234 F.3d 174, 178 (4th Cir. 2000))). As such, "arguments about purpose, history, and statutory titles cannot contradict a law's plain text." *United States v. Otuya*, 720 F.3d 183, 190 (4th Cir. 2013); *see also id.* ("'Where [a statute] contains a phrase that is unambiguous . . . we do not permit it to be expanded or contracted' based on legislative history." (quoting *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 98-99 (1991))). Plaintiffs' request for discovery improperly rests on arguments that contradict the plain language of the Resolution.

The plain language of the Resolution is unambiguous: the Board (1) "will never offer or employ the BITS Program in any of its schools;" (2) "does not intend now or in the future to offer Bible elective curricula in its elementary schools;" and (3) "will not now or in the future offer employ teachers for the purpose of teaching a bible elective curriculum." [Doc. 79-1].

None of the categories of discovery identified in the declaration attached to Plaintiffs' motion are proper in light of the plain text of the Resolution. Plaintiffs identify the following four areas of discovery: (a) "[t]he circumstances related to the Mercer County Board of Education's decision to accept Board Memorandum #171; (b) [f]acts related to Board meetings held on Dec. 22, 2018, and Jan. 3, 2019;  (c) [f]acts related to the Mercer County Parties' review of the [BITS] program . . . and any decisions made by Defendants pertaining to that review[;] and (d) [f]acts related to the "suspension of the [BITS] program[.]". [Doc. 87-1 at ¶ 3].

Notably, category (d) has nothing to do with the Resolution; it deals only with the suspension, which has already been litigated as to mootness.  Similarly, discovery sought under (c) deals with review conducted under the suspension.  The "decisions made by Defendants pertaining to that review" are a matter of public record—"as a result of the review of the BITS program, it is clear to the Board of MCS that the BITS program is no longer compatible with the educational mission of MCS."  There is no material issue to which the requested discovery would be relevant.

The first two categories of proposed discovery, (a) and (b), are similarly immaterial.  As the Eleventh Circuit noted in a case relied upon by Plaintiffs:

> [Plaintiff] is also incorrect in suggesting that we should focus on the City's motivation in amending the code. The City's purpose in amending the statute is not the central focus of our enquiry nor is it dispositive of our decision.  Rather, the most important inquiry is whether we believe the City would re-enact the prior ordinance.  Again, there is no evidence in this case suggesting any risk that the City of Miami has any intention of returning to its prior course of conduct.

*Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1334 (11th Cir. 2005).  Thus, to the extent that Plaintiffs intend to conduct discovery into the facts and circumstances of the Resolution's passage in order to ascertain the Board's motivations and contradict the plain language of the Resolution, those considerations are not a basis on which the Court should grant discovery to Plaintiffs.

Moreover, the Court cannot look into the motives of individual members of the Board to contradict the Board's policy.  This is consistent with *Monell v. Department of Social Services*[2] and with courts' handling of other mootness cases, where the courts look only to the official acts of the legislative body to discern intent.   *Porter*, 852 F.3d at 364 (4th Cir. 2017) ("[A] governmental entity's change of policy renders a challenge moot when the governmental entity 'has not asserted its right to enforce [the challenged policy] at any future time.");  *Shalala*, 122 F. App'x at 602 ("We have noted that the City of Mesquite line of cases is "generally limited to the circumstance, and like circumstances, in which a defendant openly announces its intention to reenact precisely the same provision held unconstitutional below."). In cases where courts have found that a legislative repeal of a policy was not moot, two factors were present that are not present here: (1) a lower court opinion finding the policy invalid, and (2) a public act indicating the *body's* intent to reinstate the challenged policy.

        c.  Plaintiffs' cited cases, unlike this case, involve those factors that may prevent mootness.

Thus, in *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville*, the district court held the City's ordinance was unconstitutional, but its decision was vacated by the Eleventh Circuit. 508 U.S. 656, 660 (1990).  After the Supreme Court granted the plaintiff's writ of certiorari, the city repealed the ordinance and replaced it with a substantially similar ordinance that became effective the next day.  *Id*.  The Court held the new ordinance suffered the same problems as the old ordinance, therefore the case was not moot.

_____

[2] 436 U.S. 658, 690 (1978) ("Local governing bodies, therefore, can be sued directly under [42 U.S.C.] § 1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision *officially adopted and promulgated* by that body's officers.") (emphasis added).

("There is no mere risk that Jacksonville will repeat its allegedly wrongful conduct; it has already done so."); *see also id.* at 660 (noting that the City replaced the challenged ordinance with a similar ordinance that "became effective the next day.").   Similarly, in *City of Mesquite v. Aladdin's Castle*, the city admitted in open court that it intended to reinstate the challenged ordinance when the district court's judgment finding the ordinance invalid was vacated.  455 U.S. 283, 289 & n.11 (1982).

Other cases cited by Plaintiffs accord with these opinions.  For example, the Eleventh Circuit dismissed a moot a case very similar to this one, noting that "the cases are legion from this and other courts where the repeal of an allegedly unconstitutional statute was sufficient to moot litigation challenging the statute." *Nat'l Adver. Co.*, 402 F.3d at 1333-34.  Similarly, in *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, the Court noted that the case was not moot because the district court had already invalidated the challenged policy, but that if the policy was repealed before a finding that the policy was invalid, as here, the case would be moot.  903 F.3d 829, 840 (9th Cir. 2018) (citing *Smith v. Univ. of Wash.*, 233 F.3d 1188, 1194 (9th Cir. 2000)).[3] Unlike the cases relied on by Plaintiffs, the Board has not announced, but rather affirmatively disclaimed, an intent to return to the challenged policy before any ruling was made on the merits as to the validity of the challenged policy.  The factors needed to preclude mootness are not here. They would be a matter of public record, not discoverable facts, if they were.

*Does v. Trump*, relied on by Plaintiffs, follows similar reasoning. 328 F. Supp. 3d 1185 (W.D. Wash. 2018).  Of note, that court acknowledges that Plaintiffs have the burden to show they are entitled to discovery.  *Id.* at 1196 ("It is well-established that '[t]he burden is on the party

---

[3] *City of Erie v. Pap's A.M.* doesn't involve a legislative repeal at all, and therefore is not applicable to the issues here. 529 U.S. 277, 288 (2000) (noting that the plaintiff "having prevailed below [in his challenge to an ordinance], now seeks to have the case declared moot.").

seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." (quoting *Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998))).  In that case, the lower courts had issued an injunction against the policies at issue.  *Id*. at 1191.  Moreover, the court noted that publicly available evidence raised questions as to whether the Defendant had ceased enforcing its policy.  *Id*. at 1199-1200 (noting that in light of statistical and testimonial evidence of continued enforcement and evidence of noncompliance with past injunctions, "Plaintiffs meet their burden of demonstrating that facts bearing on the court's jurisdiction are controverted.").  Here, the parties agree that the BITS program has been terminated.

### C.  Nothing in the Fourth Circuit's Opinion counsels in favor of discovery

Plaintiffs' heavy reliance on the Fourth Circuit's opinion to create a material issue of fact regarding the Resolution is misplaced.  Of course, the Fourth Circuit did not consider the Resolution at all, the Resolution had not been passed at that time.  Instead, the Fourth Circuit considered two factors in determining that the case is not moot: (1) characterizations that the BITS program was suspended rather than "eliminated outright," and (2) statements in the media by Dr. Akers that the Schools intended to fight the case.  *Deal v. Mercer Cnty. Bd. of Educ.*, 911 F.3d 183, 191-92 (4th Cir. 2018).

The clear and natural reading of the Fourth Circuit's opinion is that if the BITS program were "eliminated outright" the case would be moot.  That is presumably why the Fourth Circuit noted both (1) that the BITS program was "'suspend[ed],' rather than eliminated outright," and (2) that future developments may cause the suit to become moot.

Here, the plain language of the Resolution makes clear that the BITS curriculum has been "eliminated outright."  Furthermore, as noted above, Dr. Akers's statements have no bearing on

the Board's passage of the Resolution nor are they probative of any material issue.  In short, the official policy of the Board is a matter of public record, for which no discovery is required.

## II.     Plaintiffs are not entitled to discovery

Plaintiffs have no basis to dispute the passage of the Resolution and admit as much in their own briefing.  *See* Doc. 87 at 2 (acknowledging that the Board "passed a resolution that purports to dissolve BITS and disavow any intention of returning the program.").  Because there is no reasonable basis for discovery, Plaintiffs attempt to create confusion by claiming that Defendants introduced evidence in support of their motion to dismiss, and therefore are entitled to discovery. Plaintiffs are confused on at least two fronts: (1) Defendants' mootness claim is based on jurisdiction, not failure to state a claim; and (2) the facts relied upon by Defendants are subject to judicial notice and therefore may be used in a motion to dismiss without converting it into a motion for summary judgment. Plaintiffs' characterization of the motion is irrelevant.

### A.  Mootness is a jurisdictional issue that may be raised at any time.

Because a "case and controversy" is a jurisdictional requirement under Article III, a federal court loses jurisdiction over any case that becomes moot.  *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013) ("A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" (quoting *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011))).  Mootness can be raised at any time during the proceedings, including by the Court. *See United States v. Springer*, 715 F.3d 535, 550 (4th Cir. 2013) ("Mootness is a jurisdictional question and thus may be raised *sua sponte* by a federal court at any stage of proceedings.").  The fact that Defendants raise mootness arguments in a brief also containing arguments under Federal Rule of

Civil Procedure 12(b)(6) does not convert those mootness arguments into arguments contesting the sufficiency of Plaintiffs' First Amended Complaint.

B. **Defendants may rely on judicially noticeable facts to support a motion to dismiss.**

Moreover, even under Rule 12(b)(6), Defendants are allowed to rely on facts that are subject to judicial notice. The Resolution, which is the basis for mootness in this case, is judicially noticeable. *Davis v. Nationwide Mut. Fire Ins. Co.*, 811 F. Supp. 1240, 1250-51 n.12 (E.D.Va. 2011) ("the specific provisions of the subdivision ordinance itself are admissible by judicial notice"). The use of judicially noticeable facts in a motion to dismiss does not convert the motion into a matter for summary judgment. *See Philips v. Pitt Cnty Mem'l hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record."); *Randolph M. James, P.C. v. Oconee Cnty. Aero. Comm'n*, No. 8:11-1855-HMH, 2011 U.S. Dist. LEXIS 136301, at *7 (D.S.C. Nov. 28, 2011) ("[T]he court may take judicial notice of the Ordinance without converting this matter to a motion for summary judgment."). The declaration of Paul Hodges, which is attached to Plaintiffs motion, is merely the vehicle that Plaintiffs chose to authenticate the Resolution. Plaintiffs acknowledge as much. [Doc. 87 at 5] (acknowledging that Defendants' Motion to Dismiss is "based upon the recently-passed Board resolution purporting to terminate BITS"). The membership of the Board, to the extent relevant, is judicially noticeable and uncontested. *See* Doc. 87-4. Because the facts giving rise to mootness are subject to judicial notice, they do not entitle Plaintiffs to discovery.

III. **The existence of an entirely different biblical curriculum does not avoid mootness as to the BITS curriculum.**

Plaintiffs have challenged the BITS curriculum. Plaintiffs suggest that this case may not be moot due to a statement by Dr. Akers indicating that "there are plans to implement an elective Bible Curriculum in the Middle Schools." [Doc. 87-2]. As indicated in the documents attached to

Plaintiffs' motion, that curriculum is the Biblical Literacy Project.  *See* [Doc 87-3 at 1, 4] (noting that Mercer County High Schools  are offering "The Bible and Its Influence" curriculum and "will expand it to the middle school level.").  The same documents show that the use of this curriculum was disclosed more than a year ago.  *Id.*  As discussed by Defendants more than two years ago, this curriculum has been approved for use in public schools by groups as diverse as the Anti-Defamation League, American Federation of Teachers, American Jewish Congress, Baptist Joint Committee on Public Affairs, Christian Legal Society, National Bible Association, and People for the American Way.  *See* [Doc. 26 at 16 n.14].[4]

The Bible and Its Influence curriculum was created by different people than the BITS program, contains different content than the BITS program, and is available to different students than the BITS program.  The existence of that curriculum at Mercer County Schools has no bearing on the mootness of Plaintiffs' challenge to the BITS program.  *See Valero Terrestrial Corp.*, 211 F.3d at 116 (noting that legislative repeal fails to moot a case only where (1) the Defendant openly announces an intent "to reenact precisely the same provision" and (2) that provision has previously been held unconstitutional).

Courts have repeatedly held that biblical curricula are not *per se* unconstitutional in public schools.  *See, e.g., Stone v. Graham*, 449 U.S. 39, 42 (1980) (per curiam) ("The Bible may constitutionally be used in an appropriate study of history, civilization, ethics, comparative religion or the like."); *Sch. Dist. of Abington Twp. v. Schempp*, 374 U.S. 203, 225 (1963) ("Nothing we have said here indicates that such study of the Bible or of religion, when presented objectively as part of a secular program of education, may not be effected consistently with the First

---

[4] *See* also Bible Literacy Project, *Academic Content*, available at
http://www.bibleliteracy.org/academic-content.html (last visited May 8, 2019)

Amendment."). Therefore, it would be improper for the Court to hold that a challenge to a repealed curriculum is live due to the existence of a different biblical curriculum. As the Fourth Circuit has recently noted, Establishment Clause challenges such as the one here are confined to the individual facts of each case. *See Wood v. Arnold*, 915 F.3d 308, 314 (4th Cir. 2019) (noting that "context is crucial" for Establishment Clause challenges); *Deal*, 911 F.3d at 191 (acknowledging that "the Establishment Clause requires us to undertake a fact-intensive inquiry that may prove impossible until the precise contours of a redesigned Bible instruction course are known").[5]

## CONCLUSION

The Resolution announcing that the Board "will never offer or employ the BITS program in any of its schools" represents the official policy of the Board and moots this case. Statements by Dr. Akers indicating an intent to fight the lawsuit are not attributable to the Board or probative of its intent. Similarly, the individual intent of the members of the Board because the plain language of the Resolution makes the Board's intent clear. In short, there are no material issues of fact in controversy. The Court should deny Plaintiffs' motion for discovery and should grant Defendants' motion to dismiss this case as moot.

> MERCER COUNTY BOARD
> OF EDUCATION;
> MERCER COUNTY SCHOOLS;
> and DEBORAH S. AKERS, in her
> individual capacity,
> By Counsel.

---

[5] As noted in Plaintiffs' Motion for Extension, Defendants do not oppose Plaintiffs' request for an extension except to the extent that it is tied to conducting discovery, which is not necessary for the reasons stated herein.

/s/ Kermit J. Moore
Kermit J. Moore (WV State Bar No. 2611)
W. Blake Belcher (WV State Bar No. 12212)
Brewster, Morhous, Cameron, Caruth,
        Moore, Kersey & Stafford, PLLC
418 Bland Street
Post Office Box 529
Bluefield, West Virginia 24701
(304) 325-9177
(304) 324-0362 *fax*

## CERTIFICATE OF SERVICE

I, Kermit J. Moore, counsel for Defendants, hereby certify that on the 8th day of May, 2019, I electronically filed the preceding RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY with the Clerk of this Court using the CM/ECF system, which, in turn, will send notification of such filing to the following CM/ECF participants, counsel of record:

Marcus B. Schneider, Esquire
Steele Schneider
428 Forbes Avenue, Suite 700
Pittsburgh, Pennsylvania 15219

Kristina T. Whiteaker, Esquire
David L. Grubb, Esquire
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, West Virginia 25301

Patrick C. Elliott, Esquire
Christopher Line, Esquire
Freedom From Religion Foundation
10 North Henry Street
Madison, Wisconsin 53703

Hiram S. Sasser, III, Esquire
Jeremiah G. Dys, Esquire
Reed N. Smith, Esquire
First Liberty Institute
2001 West Plano Parkway, Suite 1600
Plano, Texas 75075

/s/ Kermit J. Moore