IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al., | : : : | Civil Action No.: 1:17-cv-00642 |
| *Plaintiffs*, | : : | Hon. David A. Faber |
| v. | : : : : | |
| MERCER COUNTY BOARD OF EDUCATION, et al., | : : : : | |
| *Defendants*. | : : : | |

**PLAINTIFFS' MOTION TO COMPEL OR MOTION FOR EXTENSION OF DISCOVERY**

Plaintiffs Elizabeth Deal and Jessica Roe, by and through their undersigned counsel, file this Motion to Compel or for Extension of Discovery. In support of this request, Plaintiffs state as follows:

**I.    The current discovery deadlines were adopted from the Rule 26(f) Report of the Parties.**

1.     This case returned to this Honorable Court following the February 5, 2019 mandate of the Fourth Circuit Court of Appeals effectuating the Fourth

Circuit's judgment, entered December 17, 2018, reversing and remanding the judgment of the district court dismissing the case.

2. The same day, this Honorable Court issued its Order and Notice establishing deadlines for the parties to meet and confer and file a proposed scheduling order pursuant to Rule 26(f). ECF No. 66.

3. Counsel for the parties conferred by phone under Rule 26(f) on March 4, 2019, and finalized by email the applicable form for the Report of Parties' Planning Meeting (the "Report") in the days that followed.

4. On March 14, 2019, the parties jointly filed their Report. ECF No. 73.

5. The Report proposed a cutoff date for written discovery of June 15, 2019, which by rule, would set the "discovery completion date" and final day for depositions on July 30, 2019 (45 days after the cutoff date for written discovery). *Id.*

6. On April 9, 2019, the parties attended a conference before this Honorable Court to, among other things, confirm the discovery schedule proposed in the Report.

7. Despite advising the Court that they intended to file a Motion to Dismiss in response to Plaintiffs' Complaint, Defendants confirmed their agreement to the discovery deadlines set forth in the Report.

8.  On May 8, 2019, the Court entered its Amended Scheduling Order (the "Scheduling Order") setting deadlines for discovery. ECF No. 92.

9.  The Scheduling Order set the cutoff for written discovery as June 14, 2019 and the last day for depositions (and the "discovery completion date") as July 29, 2019.

## II. Plaintiffs have served written discovery and requested dates of availability for depositions.

10. Acting pursuant to the Scheduling Order, Plaintiffs served their First Set of Requests for Production of Documents, Interrogatories, and Requests for Admission on May 13, 2019. *See* ECF No. 94.

11. Acting pursuant to the Scheduling Order, Plaintiffs served their Second Set of Requests for Production of Documents, Interrogatories, and Requests for Admission on June 14, 2019.

12. Acting pursuant to the Scheduling Order, on June 27, 2019, Plaintiffs indicated they would be circulating dates for depositions to occur the final two weeks of July 2019.

13. On July 2, 2019, Plaintiffs provided dates of availability in July for scheduling the depositions of the members of the Mercer County Board of Education and Deborah Akers, both named Defendants in the case.

### III. After responding to Plaintiffs' First Set of written discovery, Defendants have refused to engage in discovery.

14. Defendants filed responses to Plaintiffs' First Set of written discovery on June 17, 2019. *See* ECF No. 98.

15. Defendants filed responses to Plaintiffs' Second Set of written discovery on July 15, 2019. *See* ECF No. 99, Exhibit "A" to this Motion.

16. Apart from producing a letter related to insurance coverage, Defendants' responses to Plaintiffs' Second Set of written discovery consists of objections and statements that Defendants will respond to the discovery requests only after the Court has ruled on its Motion to Dismiss, currently pending before the Court. *See* Exhibit "A."

17. On July 10, 2019, Defendants' counsel advised Plaintiffs' counsel that they believed depositions would be premature in light of the pending motions and that the requested depositions had the potential to be unduly burdensome and inquire into privileged communications.

18. On July 12, 2019, Defendants reiterated their belief that depositions and questions beyond the scope of Defendants' motion to dismiss are improper before the Court has ruled on Defendants' motion to dismiss.

19. On July 18, 2019, Plaintiffs stated that their concern regarding the scheduling of depositions was motivated by the current Scheduling Order requiring depositions to be completed by July 30, 2019.

20. Plaintiffs expressed their position as follows:

> I am not sure I fully understand your position, but I do think the fundamental disconnect between our respective positions is the fact that there is a court order in place calling for the end of discovery. That order was agreed to by Defendants at a time when they clearly knew they intended to file a motion to dismiss, and the order has not been modified. It seems clear that Defendants want to deviate from the current court order, but if that is to be done, it should be done so formally. Why don't you propose a motion that you would want to file regarding the modification of the order for us to review? Seeing how you would like to deviate from the order in an actual motion should clear up any confusion about your position. Absent an order modifying the current schedule, we have no choice but to file motions to compel on these discovery issues to protect our interests.

21. As of the date of the filing of this Motion to Compel, Defendants have not provided a proposal for modifying the current Scheduling Order.

22. Plaintiffs requested Defendants provide such a proposal based upon (1) their perception that Defendants appear to wish to have the current discovery deadlines modified but have not acted to seek a modification of the Scheduling Order, and (2) the requirements if Rule 16(b)(4), which places the burden of demonstrating "good cause" on the party seeking to modify a scheduling order.

### IV. Plaintiffs request an order compelling the requested discovery outside of the current deadlines

23. Under the circumstances presented on this motion, Plaintiffs request an order of court compelling the discovery addressed herein.

24. While being sensitive to the pending motion to dismiss and its potential impact on the case, several factors favor an order compelling Defendants to produce witnesses for deposition and respond to Plaintiffs' Second Set of written discovery.

25. First, well aware of their intention to file a motion to dismiss Plaintiffs' claims, Defendants agreed to the deadlines set forth in the parties' jointly-filed Report, which was ultimately adopted with minor changes by the Court.

26. Therefore, it is disingenuous for Defendants to now argue that the completion of discovery during a pending motion to dismiss is improper.

27. Second, after filing their motion to dismiss, rather than raise an issue with the existing discovery deadlines, Defendants actually responded to Plaintiffs' First Set of written discovery, leading Plaintiffs to undertake the time and expense of propounding a second set of written discovery, under the impression that Defendants intended to comply the Scheduling Order in place.

28. Third, Defendants motion to dismiss will not resolve all claims in the case because their mootness argument does not apply to Plaintiffs' claim for nominal damages. The partial dismissal of certain claims should not delay discovery when the information sought for Plaintiffs' nominal damages claim will be similar to the information sought for Plaintiffs' injunctive relief claims.

29. Fourth, Defendants have refused to seek modification of the Court's Scheduling Order, despite their burden to do so if they wish to deviate from the deadlines set forth in the order.

30. In light of the foregoing, Plaintiffs request an order compelling discovery outside the currently scheduled deadlines for written discovery and depositions so as to not cause further delay to the remaining deadlines in the Scheduling Order.

### V. Alternatively, Plaintiffs request a narrow extension of the discovery deadlines in the Scheduling Order.

31. In the event the Court wishes to delay discovery until the resolution of the pending motions (Defendants' Motion to Dismiss (ECF No. 79) and Plaintiffs' Motion for Leave to Conduct Limited Discovery (in order to respond to Defendants' Motion to Dismiss) (ECF No. 86), Plaintiffs request a narrow extension of the current discovery deadlines.

32. Plaintiffs request that the Court stay the current Scheduling Order pending the resolution of the motions currently before it.

33. Upon resolution of those motions, Plaintiffs' request that the Court schedule a fourteen (14) day period in which Defendants will respond to Plaintiffs' Second Set of written discovery and a thirty (30) day period in which Defendants will produce witnesses for deposition.

34. Plaintiffs further request that the Court reschedule the dispositive motion and pretrial deadlines to follow the close of this limited, 30-day discovery period, at the same intervals as were scheduled in the original Scheduling Order.

### VI. Plaintiffs have conferred in good faith in order to attempt to resolve this matter.

35. Having not heard from Defendants in response to their July 18, 2019 email (quoted above), Plaintiffs' counsel advised Defendants counsel of Plaintiffs intention to file this motion to compel.

36. In response, Defendants' counsel indicated it would not be able to discuss the matter with their clients until next week.

37. In light of the impending discovery deadline, Plaintiffs indicated they would need to bring the matter to the Court's attention.

WHEREFORE, Plaintiffs request the Court enter an order consistent with the foregoing requested relief in the form attached to this Motion.

/s/ *Marcus B. Schneider, Esquire*
Marcus B. Schneider, Esquire
W.V. I.D. No. 12814
STEELE SCHNEIDER
428 Forbes Avenue, Suite 700
Pittsburgh, PA 15219
(412) 235-7682
(412) 235-7693 (fax)
mschneider@steeleschneider.com

Patrick C. Elliott

8

                Freedom From Religion Foundation
                PO Box 750
                Madison, WI 53701
                (608) 230-8443
                WI Bar No. 1074300

                Christopher Line
                Freedom From Religion Foundation
                PO Box 750
                Madison, WI 53701
                (608) 230-8428
                WI Bar No. 1097678

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2019, the foregoing Motion to Compel or Motion for Extension of Discovery was filed electronically. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

*/s/ Marcus B. Schneider, Esquire*
Marcus B. Schneider, Esquire