**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD DIVISION**

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., et al., | \| |
| | \| |
| Plaintiffs, | \| |
| | \| Civil Action No.: 1:17-cv-00642 |
| v. | \| |
| | \| Hon. David A. Faber |
| MERCER COUNTY BOARD OF EDUCATION, et al., | \| |
| | \| |
| Defendants. | \| |

**DEFENDANT DEBORAH AKERS' FIRST RESPONSES TO PLAINTIFFS' FIRST**
**REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, AND**
**REQUESTS FOR ADMISSIONS TO DEFENDANT DEBORAH AKERS**

**GENERAL OBJECTIONS**

1.      Dr. Akers offers these responses and objections for the sole purpose of expediting discovery once the Court's ruling on her motion to dismiss and claims of qualified immunity have been resolved by the Court.  These responses and objections should not in any way be construed as a waiver of Dr. Akers's claims of qualified immunity or any other argument raised in her motion to dismiss.

2.      Dr. Akers objects to the definition of "document" because, among other things, it requests documents formerly in Dr. Akers's custody, which by definition are not currently in Dr. Akers's custody and are therefore beyond the proper scope of requests for production.  Dr. Akers further objects to the term documents to the extent that it is intended to include documents held by members or other representatives of the Dr. Akers in any capacity except for their official capacity with the Dr. Akers.

3.      Dr. Akers Objects to the definition of "Bible in the Schools" because the term "Bible classes" is undefined and ambiguous in meaning.  Dr. Akers will construe the term "Bible in the Schools" to mean jointly the Bible in the Schools curriculum and the Bible and its Influence curriculum.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

### REQUEST FOR PRODUCTION

1.      All documents related to the Bible in the Schools program,

including:

        a.      Documents to or from the Bluefield Bible Study Fund, Inc. or

their representatives, including Wayne Pelts;

        b.      All course materials utilized in any Bible in the Schools

classes;

        c.      All staff training materials or other guidance documents

concerning Bible in the Schools;

        d.      Any document provided to parents and guardians

concerning Bible in the Schools;

        e.      All documents related to the selection of, and qualification

for, teachers in the Bible in the Schools program.

        **RESPONSE:**      Dr. Akers objects to this request as overbroad and unduly burdensome in that, given Plaintiffs construction of "including," the request is for all documents for all time related to the Bible in the Schools Program. This would encompass documents across multiple schools and multiple classes for a number of decades, including numerous duplicates of materials intended for students.   The overbreadth and burden of this request are particularly onerous given that Dr. Akers has a motion to dismiss pending and this request appears to be geared toward the merits generally rather than any issues identified by Plaintiff as necessary discovery for responding to Dr. Akers' motion to dismiss.   Such a request would never be proportionate to the need in this case and is especially not proportionate to the need given

Dr. Akers' pending motion to dismiss.  Additionally, Dr. Akers objects to the extent this request includes documents subject to attorney-client communication, attorney work product, and other applicable privileges.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will produce responsive documents, if any, after the Court's ruling on Dr. Akers' motion to dismiss clarifies what topics are the subject of discovery.

2.     Any document concerning the secular meaning or interpretation of the Bible in the School curriculum.

**RESPONSE:**     Dr. Akers objects that this request is vague and unclear such that Dr. Akers is unable to determine what is being asked.  In particular, it is unclear what Plaintiffs mean by a "secular meaning or interpretation" of a school curriculum. Additionally, Dr. Akers objects that this request is not proportionate to Plaintiffs' needs given that Dr. Akers has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in Dr. Akers' motion to dismiss.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will produce responsive documents, if any, after the Court's ruling on Dr. Akers' motion to dismiss clarifies what topics are the subject of discovery.

3.     All documents concerning the employment of Bible in the Schools teachers from June 1, 2009 to the present.

**RESPONSE:**     Dr. Akers objects to this request as overbroad, unduly burdensome and not proportionate to the needs of Plaintiffs in this case.  Documents such as paystubs and related payment and tax information have no bearing on plaintiffs' claims.  Additionally, Dr. Akers objects that this request is not proportionate to Plaintiffs' needs given that Dr. Akers has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in Dr. Akers' motion to dismiss.

4.     All documents concerning insurance policies that may cover all or

part of a possible judgment or relating to a duty to defend this suit.

**RESPONSE:**     Dr. Akers objects to this request as not proportionate to the need to the extent that it is intended to include any documents other than the relevant insurance policies themselves.  No other responsive documents are relevant to any issue in this case.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

Subject to and without waiving the foregoing objections, Dr. Akers states that no such insurance policies exist in her individual capacity.

     5.     All documents that you intend to use at trial or in support of or

opposition to a motion for summary judgment.

     **RESPONSE:**     Dr. Akers objects to this request as vague and ambiguous in that it is unclear what the phrase "use at trial" is intended to convey and at this point likely includes documents in control of Plaintiffs and not Dr. Akers. Dr. Akers further objects that as phrased, this request improperly seeks to inquire into privileged attorney work product. Documents Dr. Akers intends to introduce at trial, if any, will be included on an exhibit list consistent with the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Dr. Akers has made no decisions about what documents will be introduced at trial or used as exhibits in support of or opposition to any motion for summary judgment, so Dr. Akers has no responsive documents at this time.

     6.     If your response to Request for Admission No. 1 is anything other

than an unqualified admission, produce all documents relied on by you in making your

denial, and produce all documents you contend support your denial.

     **RESPONSE:**     Dr. Akers incorporates by reference her objections to Plaintiffs' Request for Admissions 1 fully herein. Dr. Akers further objects that this request is vague and ambiguous in that it is unclear what the phrase "relied on" is intended to convey in this context. Moreover, this request is unduly burdensome and not proportionate to the need in that, as written, it would require Dr. Akers to prove a negative statement, and therefore would require Dr. Akers to examine and likely produce all documents associated with the Bible in the Schools program, and as written, all documents relating to any person associated with the Bible in the Schools program. Additionally, Dr. Akers objects that this request is especially not proportionate to Plaintiffs' needs at this time given that Dr. Akers has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in Dr. Akers' motion to dismiss.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will produce responsive documents, if any, after the Court's ruling on Dr. Akers' motion to dismiss clarifies what topics are the subject of discovery.

      7.     If your response to Request for Admission No. 2 is anything other

than an unqualified admission, produce all documents relied upon by you in making

your denial, and produce all documents you contend support your denial.

      **RESPONSE:**     Dr. Akers incorporates by reference her objections to Plaintiffs' Request for Admissions 2 fully herein. Dr. Akers further objects that this request is vague and ambiguous in that it is unclear what the phrase "relied on" is intended to convey in this context. This phrase is particularly unclear given that the request as written is for documents proving a negative. Moreover, this request is unduly burdensome and not proportionate to the need in that, as written, it would require Dr. Akers to prove a negative statement, and therefore would require Dr. Akers to examine and likely produce all documents associated with the Bible in the Schools program, and as written, all documents related to Mercer County Schools and Dr. Akers without constraint as to time or scope. Additionally, Dr. Akers objects that this request is especially not proportionate to Plaintiffs' needs at this time given that Dr. Akers has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in Dr. Akers' motion to dismiss.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will produce responsive documents, if any, after the Court's ruling on Dr. Akers' motion to dismiss clarifies what topics are the subject of discovery.

      8.     If your response to Request for Admission No. 3 is anything other

than an unqualified admission, please produce all documents relied upon by you in

making your denial, and produce all documents you contend support your denial.

      **RESPONSE:**     Dr. Akers incorporates by reference her objections to Plaintiffs' Request for Admissions 3 fully herein. Dr. Akers further objects that this request is vague and ambiguous in that it is unclear what the phrase "relied on" is intended to convey in this context. This phrase is particularly unclear given that the request as written is for documents proving a negative. Moreover, this request is unduly burdensome and not proportionate to the need in that, as written, it would require Dr.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

Akers to prove a negative statement, and therefore would require Dr. Akers to examine and likely produce all documents associated with Dr. Akers' duties and the duties of all other school employees in Mercer County without constraint as to time or scope. Additionally, Dr. Akers objects that this request is especially not proportionate to Plaintiffs' needs at this time given that Dr. Akers has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in Dr. Akers' motion to dismiss.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will produce responsive documents, if any, after the Court's ruling on Dr. Akers' motion to dismiss clarifies what topics are the subject of discovery.

        9.     If your response to Request for Admission No. 4 is anything other

than an unqualified admission, produce all documents relied upon by you in making

your denial, and produce all documents you contend support your denial.

       **RESPONSE:**     Dr. Akers incorporates by reference her objections to Plaintiffs' Request for Admissions 4 fully herein.  Dr. Akers further objects that this request is vague and ambiguous in that it is unclear what the phrase "relied on" is intended to convey in this context.  This phrase is particularly unclear given that the request as written is for documents proving a negative.  Moreover, this request is unduly burdensome and not proportionate to the need in that, as written, it would require Dr. Akers to prove a negative statement, and therefore would require Dr. Akers to examine and likely produce all documents associated with the Bible in the Schools program, and as written, all documents related to any goals or objectives set by Dr. Akers without constraint as to time or scope.   Additionally, Dr. Akers objects that this request is especially not proportionate to Plaintiffs' needs at this time given that Dr. Akers has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in Dr. Akers' motion to dismiss.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will produce responsive documents, if any, after the Court's ruling on Dr. Akers' motion to dismiss clarifies what topics are the subject of discovery.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Please identify all person who are likely to have personal knowledge of any facts alleged in the complaint, and state to the best of your knowledge the subject matter of the information possessed by each such person.

**ANSWER:**    Dr. Akers objects that this request is vague and ambiguous and beyond the scope of discovery because neither Deal nor Roe, the current Plaintiffs, are parties to the complaint. Dr. Akers will construe "complaint" to mean the First Amended Complaint in this case. Plaintiffs further object that this request is unduly burdensome and not proportionate to the need because many of the facts set out in the complaint involve public information, and therefore the number of people who have personal knowledge of facts in the complaint, as construed herein, is at least hundreds, and quite possibly thousands. Dr. Akers further objects that this request is not limited to issues relevant to Dr. Akers' motion to dismiss and is therefore premature and unduly burdensome given the posture of this case.

Subject to and without waiving the foregoing objections, Dr. Akers states that persons with personal knowledge are identified in Dr. Akers' disclosures.

**INTERROGATORY NO. 2:**    Please identify all persons responsible for implementing the Bible in the Schools program and their role in doing so.

**ANSWER:**    Dr. Akers objects that this request is vague and ambiguous, in particular that the phrase "implementing the Bible in the Schools program" is unclear, because implement could be construed broadly (and must be constructed broadly according to Plaintiffs definitions) to include all school staff, including janitorial and maintenance staff, parents of students, students, authors and publishers of any textbooks used, and numerous other people without any limit as to time. Dr. Akers will construe this request to mean the teachers of Bible in the Schools classes since 2013, when the First Amended Complaint alleges that Roe enrolled in Mercer County Schools. Dr. Akers further objects that this request is not limited to issues relevant to Dr. Akers' motion to dismiss and is therefore premature and unduly burdensome given the posture of this case.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will identify the teachers of the Bible in the Schools program since 2013 if it remains relevant to any discoverable issue following the Court's ruling on Dr. Akers' motion to dismiss.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

**INTERROGATORY NO 3:** Please identify what your role was in

implementing the Bible in the Schools program.

**ANSWER:** Dr. Akers objects that this request is vague and ambiguous, in particular that the phrase "implementing the Bible in the Schools program" is unclear, because implement could be construed broadly (and must be constructed broadly according to Plaintiffs definitions). Dr. Akers further objects that this request is not limited to issues relevant to Dr. Akers' motion to dismiss and is therefore premature and unduly burdensome and not proportionate given the posture of this case.

Subject to and without waiving the foregoing objections, Dr. Akers will identify her responsibilities relative to the Bible in the Schools program within a reasonable time following the Court's ruling on Dr. Akers' motion to dismiss and request for qualified immunity, if such information is within the scope of issues subject to fact discovery.

**INTERROGATORY NO. 4:** If you claim that the purpose of the

Bible in the Schools program was not primarily religious, please state all such facts

upon which you rely.

**ANSWER:** Dr. Akers objects to this request as vague and ambiguous such that it is unable to reasonable discern what Is meant to state the "purpose of the Bible in the Schools program was not primarily religious." This lack of clarity is compounded by the fact that as asked, Plaintiffs are requesting that Dr. Akers identify all facts that the "purpose of the Bible in the Schools program was not primarily religious." Dr. Akers will interpret this phrase to mean that the "purpose of BITS program was not unconstitutional." Dr. Akers further objects to the extent that Plaintiffs request "all facts on which you rely" as vague and ambiguous to the extent that it is unclear what Plaintiffs mean by "rely" and improperly broad, unduly burdensome, and not proportionate to the need to the extent that it is intended to cover "all facts" regarding the purpose of the BITS program. Dr. Akers further objects that this request is not limited to issues relevant to Dr. Akers' motion to dismiss and is therefore premature and unduly burdensome given the posture of this case.

Subject to and without waiving the foregoing objections, Dr. Akers will identify facts supporting that the BITS program had a constitutional purpose following the Court's ruling on Dr. Akers' motion to dismiss, if such issues remain relevant to the disposition of this case following such ruling.

**INTERROGATORY NO. 5:**     If you deny that a primary effect of

instituting Bible in the Schools program was to advance or endorse religion, please state

all facts upon which you base this denial.

         **ANSWER:**   Dr. Akers objects that the phrases "primary effect" and "advance or endorse religion" are vague and ambiguous such that it is unclear what information Plaintiffs seek. This lack of clarity is compounded by the fact that as asked, Plaintiffs are requesting that Dr. Akers identify all facts that support a negative proposition, that the "primary effect" of the BITS program was not "to advance or endorse religion." Dr. Akers further objects that this interrogatory is not limited in time, and will therefore respond only as the time period following Roe's enrollment in public schools in Mercer County. Dr. Akers further objects that this request is not limited to issues relevant to Dr. Akers' motion to dismiss but seeks information on the general merits of this case before the scope of this suit and proper and is therefore premature and unduly burdensome given the posture of this case.

Subject to and without waiving the foregoing objections, Dr. Akers will identify facts supporting that the effects of the BITS program were constitutional following the Court's ruling on Dr. Akers' motion to dismiss, if such issues remain relevant to the disposition of this case following such ruling.

**INTERROGATORY NO. 6:**     If you assert that the Bible in the Schools

program was not consistent with the educational mission of the Mercer County Board

of Education, please state all facts supporting this position.

         **ANSWER:**     Dr. Akers objects to this request as vague and ambiguous in that Bible in the Schools, as defined, consists of at least two separate curricula, and it is unclear which curriculum Plaintiffs intend to put at issue. Dr. Akers will construe this request to ask for non-privileged facts supporting Dr. Akers' decision to terminate the now-eliminated BITS curriculum. Dr. Akers further objects that this request is not limited to issues relevant to Dr. Akers' motion to dismiss but seeks information on the general merits of this case before the scope of this suit and proper and is therefore premature and unduly burdensome given the posture of this case. Dr. Akers further states that the decision was made in conjunction with legal counsel and objects to the extent that this response would require disclosure of privileged communications or other privileged material.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

Subject to and without waiving the foregoing objections, Dr. Akers states that the Board of Education, of which Dr. Akers is not a member, made the decision to terminate the former BITS curriculum. To the extent able, Dr. Akers will more fully respond following to this interrogatory more fully within a reasonable time following the Court's ruling on Dr. Akers' motion to dismiss, if such issues remain relevant to the disposition of this case following such ruling.

**INTERROGATORY NO. 7:**     Please identify each person whom you

have reason to believe you may call at the trial of this case, and, for each person, state

the substance of the testimony he/she is expected to give.

**ANSWER:**     Dr. Akers objects that this request is vague and ambiguous such that it is unclear what is being asked, in particular as to the phrase "have reason to believe you may call at trial." Dr. Akers further states that this request is premature; Dr. Akers has a pending motion to dismiss the scope of issues for trial not yet defined, which may be altered by Dr. Akers' motion to dismiss or other dispositive motions filed in this suit before trial. This request is further improper in that it necessarily seeks information about privileged attorney work product.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will provide a list of potential trial witnesses in accordance with the Court's pretrial scheduling.

**INTERROGATORY NO. 8:**     Please identify every person who has

served as a Bible in the Schools teacher for the past ten years.

**ANSWER:**     Dr. Akers objects that this request is not related to issues relevant to Dr. Akers' motion to dismiss but seeks information on the general merits of this case before the scope of this suit and proper and is therefore premature and unduly burdensome given the posture of this case.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will identify all Bible in the Schools teachers for the past 10 years at a reasonable time following the Court's ruling on Dr. Akers' motion to dismiss, if such information remains relevant to the triable issues in this case.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

**INTERROGATORY NO. 9:**    To the extent your response to Request

for Admission No. 1 is anything other than an unqualified admission, describe your

basis for why the Bible in the Schools program did not instill religious teachings in

elementary and middle school students.

**ANSWER:**    Dr. Akers incorporates by reference her objections to
Plaintiffs' Request for Admission 1 fully herein. Dr. Akers further objects that this request
is not relevant to any issue in Dr. Akers' motion to dismiss and until the Court has ruled
on Dr. Akers' motion, the scope of triable issues in this case has not been established,
therefore this interrogatory is premature and beyond the scope of discovery.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will
provide a basis for her denial following the Court's ruling on Dr. Akers' motion to dismiss
if such information is relevant to the triable issues in this case, if any.

**INTERROGATORY NO. 10:**    To the extent your response to Request

for Admission No. 2 is anything other than an unqualified admission, describe your

basis for why Mercer County Schools and the Mercer County Board of Education did

not have a policy and practice of administering religious teachings to students in first

through eighth grade.

**ANSWER:**    Dr. Akers incorporates by reference her objections to
Plaintiffs' Request for Admission 2 fully herein. Dr. Akers further objects that this request
is not relevant to any issue in Dr. Akers' motion to dismiss and until the Court has ruled
on Dr. Akers' motion, the scope of triable issues in this case has not been established,
therefore this interrogatory is premature and beyond the scope of discovery.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will
provide a basis for her denial following the Court's ruling on Dr. Akers' motion to dismiss
if such information is relevant to the triable issues in this case, if any.

**INTERROGATORY NO. 11:** To the extent your response to Request

for Admission No. 3 is anything other than an unqualified admission, describe your

basis for why Deborah Akers does not have the primary duty to implement the Mercer

County Board of Education's policies and programs.

**ANSWER:** Dr. Akers incorporates by reference her objections to Plaintiffs' Request for Admission 3 fully herein. Dr. Akers further objects that this request is not relevant to any issue in Dr. Akers' motion to dismiss and until the Court has ruled on Dr. Akers' motion, the scope of triable issues in this case has not been established, therefore this interrogatory is premature and beyond the scope of discovery.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will provide a basis for her denial following the Court's ruling on Dr. Akers' motion to dismiss if such information remains relevant to the triable issues in this case, if any.

**INTERROGATORY NO. 12:** To the extent your response to Request

for Admission No. 4 is anything other than an unqualified admission, describe your

basis for why the Bible in the Schools program is consistent with the educational

mission of the Mercer County Board of Education.

**ANSWER:** Dr. Akers incorporates by reference her objections to Plaintiffs' Request for Admission 1 fully herein. Dr. Akers further objects that this request is not relevant to any issue in Dr. Akers' motion to dismiss and until the Court has ruled on Dr. Akers' motion, the scope of triable issues in this case has not been established, therefore this interrogatory is premature and beyond the scope of discovery.

Subject to and without waiving the foregoing objections, Dr. Akers states that she will provide a basis for her denial following the Court's ruling on Dr. Akers' motion to dismiss if such information remains relevant to the triable issues in this case, if any.

## REQUESTS FOR ADMISSION

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

1.     Admit that the Bible in the Schools program instilled religious

teachings in elementary and middle school students.

**RESPONSE:**     Dr. Akers objects that this request is vague and ambiguous such that Dr. Akers is unable to reasonably determine what admission is being sought. In particular it is unclear what Plaintiffs mean by "instilled religious teachings." Dr. Akers construes this phrase to mean "require to profess or accept religious tenets." Dr. Akers further objects that this request for admission goes to the merits of this case and has no bearing on any issue raised by Dr. Akers in her motion to dismiss.

Subject to and without waiving the foregoing objections, DENIED.

2.     Admit that Mercer County Schools and the Mercer County Board

of Education had a policy and practice of administering religious teachings to students

in first through eighth grade.

**RESPONSE:**     Dr. Akers objects that this request is vague and ambiguous in that Dr. Akers is unable to reasonably determine what is meant by the phrases "policy and practice" and "administering religious teachings." Dr. Akers construes "administering religious teachings" to mean "advocating the acceptance of a religious belief system." Dr. Akers further objects that this request for admission goes to the merits of this case and has no bearing on any issue raised by Dr. Akers in her motion to dismiss.

Subject to and without waiving the foregoing objections, DENIED.

3.     Admit that Deborah Akers has the primary duty to implement the

Mercer County Board of Education's policies and programs.

**RESPONSE:**     Dr. Akers objects to the phrases "primary duty," "implement," and "policies and programs" as vague and ambiguous such that Dr. Akers is unable to reasonably determine what admission is being sought. Dr. Akers construes "primary responsibility" as meaning "sole authority," "implement" as meaning "carry

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

out," and "policies and programs" to mean "educational programs and classes." Dr. Akers further objects that this request for admission goes to the merits of this case and has no bearing on any issue raised by Dr. Akers in her motion to dismiss.

Subject to and without waiving the foregoing objections, DENIED

4. Admit that the Bible in the Schools program was not consistent

with the educational mission of the Mercer County Board of Education.

**RESPONSE:** Dr. Akers objects that this request is vague and ambiguous such that Dr. Akers is unable to reasonably determine what admission is being sought. As defined by Plaintiffs, "Bible in the Schools" program encompasses at least two different curricula. Additionally, the phrase "was not consistent" is made without reference to time, such that Dr. Akers cannot determine which curriculum and for which time Plaintiffs are seeking an admission. As noted above, Dr. Akers will construe "Bible in the Schools" to refer jointly to the biblical curricula that have been offered at Mercer County Schools, and "was not consistent" to mean "has never been consistent." Dr. Akers further objects that this request for admission goes to the merits of this case and has no bearing on any issue raised by Dr. Akers in her motion to dismiss.

Subject to and without waiving the foregoing objections, DENIED.

Deborah Akers,
By Counsel.

/s/ Kermit J. Moore
Kermit J. Moore
West Virginia State Bar No. 2611
Brewster, Morhous, Cameron, Caruth,
    Moore, Kersey & Stafford, PLLC
418 Bland Street
Post Office Box 529
Bluefield, West Virginia 24701
(304) 325-9177
(304) 324-0362 *fax*

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

FREEDOM FROM RELIGION
FOUNDATION, INC., et al.,

      Plaintiffs,

                      Civil Action No.: 1:17-cv-00642

v.

                      Hon. David A. Faber

MERCER COUNTY BOARD
OF EDUCATION, et al.,

      Defendants.

## CERTIFICATE OF SERVICE

      I, Kermit J. Moore, counsel for defendant, Deborah Akers, hereby certify

that on the 15th day of July, 2019, I electronically filed the Certificate of Service with the

Clerk of the Court using CM/ECF system confirming service of DEBORAH AKERS'

RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF

DOCUMENTS, INTERROGATORIES, AND REQUESTS FOR ADMISSIONS TO

DEFENDANT DEBORAH AKERS upon counsel of record, via e-mail:

                    Marcus B. Schneider, Esquire
                    Steele Schneider
                    428 Forbes Avenue, Suite 700
                    Pittsburgh, Pennsylvania 15219
                    marcschneider@steeleschneider.com

                    Patrick C. Elliott, Esquire
                    Christopher Line, Esquire
                    Freedom from Religion Foundation
                    Post Office Box 750
                    Madison, Wisconsin 53701
                    Patrick@ffrf.org
                    chris@ffrf.org

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

Kristina T. Whiteaker, Esquire
David L. Grubb, Esquire
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, West Virginia 25301
kwhiteaker@grubblawgroup.com
dgrubb@grubblawgroup.com

Hiram S. Sasser, III, Esquire
Jeremiah G. Dys, Esquire
Reed N. Smith, Esquire
First Liberty Institute
2001 West Plano Parkway, Suite 1600
Plano, Texas 75075
hsasser@firstliberty.org
jdys@firstliberty.org
reednsmith@gmail.com

/s/ Kermit J. Moore

000023





RECEIVED
FEB 2 7 2017

AIG Property & Casualty
P.O. Box 293206
Nashville, TN 37229-3206
www.aig.com

February 23, 2017

Joseph Manoni
Casualty Claims Specialist III
T  304 357 4617
joseph.manoni@aig.com

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Deborah S. Akers, Superintendent
Mercer County Board of Education
1403 Honaker Avenue
Princeton, WV 24740

RE   Our File:            501-418758
     Reference No.:       0596684216US
     Our Insured:         Mercer County Board of Education
     Plaintiff:           Freedom From Religion Foundation, Inc.
     Policy Number:       GL 3796662
     Effective Dates:     7/1/16 - 7/1/17
     Limit of Liability:  $1,000,000

Dear Superintendent Akers:

The purpose of this letter is to advise you of our position regarding insurance
coverage as it relates to the law suit filed by Marcus Schneider on behalf of his
clients Freedom From Religion Foundation, Inc. and Jane Doe and Jamie Doe.  This
is to inform you that AIG Property & Casualty, on behalf of National Union Fire
Insurance Company of Pittsburgh, PA, will conduct an investigation and will be
providing the Mercer County Board of Education with a defense in the above
captioned matter, subject to a reservation of rights.  This matter has been assigned
to Kermit Moore he is with the law firm of Brewster, Morhous, Cameron he can be
reached at 304-324-0348.

AIG Property & Casualty is the authorized representative of National Union Fire
Insurance Company of Pittsburgh, PA (Hereafter referred to as "The Company"),
who issued a Comprehensive General Liability to the Mercer County Board of
Education, under policy number GL 3796662, with effective dates of July 1, 2016
to July 1, 2017.

We would like you to know that we appreciate and value you as an insured.  We are
committed to working closely with you in the defense of this matter.  Should there
be any questions or concerns after reading the contents of this letter, please feel
free to contact me at any time.

In considering your request for coverage, we have carefully reviewed the insurance
policy referenced above, as well as the allegations asserted.  No other policies were

1

000024



considered. If you assert a right to coverage under another policy issued by any other member company of AIG Property & Casualty, please submit notice pursuant to the notice provisions contained in that policy or direct such notice to the undersigned and I shall forward it to the proper claims handling unit for response.

### The Plaintiff's Complaint/Allegations

The complaint is filed in the United States District Court for the Southern District of West Virginia under civil action 1:17-cv-00642 and is styled Freedom From Religion Foundation, Inc. and Jane Doe individually, and on behalf of Jamie Doe v. Mercer County Board of Education, Mercer County Schools and Deborah S. Akers., individually and in her official capacity as Superintendent of Mercer County Schools. The complaint seeks to challenge the constitutionality of the "Bible in the Schools" program administered by Mercer County Schools that provides bible study to elementary and middle school students in public schools throughout Mercer County. The plaintiffs seek a declaration that the "Bible in the Schools" program violates the 1st and 14th Amendments to the United States Constitution, as well as Article III, Section 15 of the West Virginia Constitution; an injunction prohibiting the defendants from administering or participating in the "Bible in the Schools" program in the future; nominal damages; and, recovery of attorney fees and costs.

We want to assure you that we are in no way accepting the claimant's allegations as true. However, we want to advise you of the availability of coverage under your policy based on the allegations set forth. The basis for our determination is stated below.

### The Insurance Policy

Pursuant to Certificate of Insurance number L 0228, Mercer County Board of Education is an additional insured under the policy.

For there to coverage under the Wrongful Acts Coverage part, there must be a covered loss. The term "loss" is a defined term. It is found under paragraph 4. B. on page 16 of the policy.

    **"4.**    **Additional Definitions**

        When used in reference to this insurance:

    B.    **'Loss'** shall mean any amount which the **'insured(s)'** are legally obligated to pay, including, but not limited to, any amounts which the **'Named Insured'** may be required or permitted to pay as indemnity to any **'insured'**, for a claim or claims made against an **'insured'** for a

2

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

000025



Wrongful Act and shall include but not be
limited to damages, judgments,
settlements and costs, cost of
investigation and defense of legal actions
(excluding salaries of officers or
employees of the **'Named Insured'** or
any other governmental body), claims or
proceedings and appeals therefrom,
premium on bonds to release
attachments or similar bonds but not
without any obligation to apply for or
furnish such bonds, provided always,
however, **'loss'** shall not include fines
imposed by law and any such amount due
or payable under the terms of a
contractual obligation."

As noted above, in addition to monetary damages, the plaintiffs are demanding
non-pecuniary relief is the form of have the court order the insured to cease
teaching the class.  Please be advised that pursuant to Endorsement #11, the policy
specifically excludes coverage for non-pecuniary relief.

### "THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### ENDORSEMENT #11

This endorsement, effective 12:01 A.M. July 1, 2016, forms a part of Policy
No. RMGL 3796662 issued by National Union Fire Insurance Company of
Pittsburgh, Pa.

### EXCLUSION OF NON-PECUNIARY RELIEF CLAIMS

*This endorsement modifies insurance provided under the following:*

WEST VIRGINIA COMPREHENSIVE LIABILITY COVERAGE FORM

**Section I – Coverage, Coverage A, B, C, D, & E, 2. Exclusions are
amended to add:**

No insurance coverage exits for any and all claims, demands or actions
seeking relief in any non-pecuniary form, including but not limited to
injunctions, equitable relief, and declaratory judgments, and to any claims,
demands, or actions seeking relief in the form of attorney's fees, expenses,
or other costs against the insured made in conjunction with, or as a result
of, and claim for non-pecuniary relief."

3

000026



Finally, please note that the policy will not cover derivative damages of non-covered damages, such as the plaintiff's legal fees and court costs.

**The Insurance Company's Position**

As indicated above, the plaintiff makes allegations that trigger certain coverage provisions of the policy. As per the above-cited policy language, the policy limits, regardless of the number of insured entities, is $1 million. In addition, the policy does not cover an award of injunctive relief, nor does the policy cover derivative damages of non-covered damages, such as the plaintiff's possible legal fees incurred in pursuing this action.

The Company is reserving its rights based upon the above cited provisions, conditions, exclusions, and definitions found within the policy. Please also be advised that the views set forth herein are not intended to be exclusive or exhaustive. The Company wishes to advise you that it will continue to investigate and provide a defense to you in this action subject to a full reservation of all of its rights under the policy to decline coverage to you should there be a future determination that there is no potential for coverage. These rights include the right to investigate, to defend, to file a declaratory action, to seek recoupment of any costs expended on defense or settlement, and to withdraw the investigation or defense in this case at any time if appropriate. In the event that we determine that there is no coverage under the policy or that there is a material change in our position, we will advise you in writing. The actions of the Insurance Company in providing this defense shall not act as an estoppel or waiver of any of the rights arising out of the policy or law.

Should you have any additional information that you feel would either cause us to change our position or world assist us in our investigation or determination, we ask that you advise us as soon as possible. Also, if you are served with any additional demands or amended complaints or pleadings, please forward them to us immediately, since they could change our analysis of coverage. If you wish to have your own personal counsel become involved in this matter, at your own expense, please feel free to do so, and we will cooperate fully with such counsel.

Thank you for your cooperation in this matter. Please feel free to contact me at anytime should you have any questions.

If you have any other insurance policies, which may respond to this claim asserted, you should notify that carrier immediately.

Please be aware that, if you believe that our position is incorrect, you have the option of contacting the West Virginia Insurance Commissioner's office:

4

000027



Office of the Insurance Commissioner
ATTN:  Consumer Service Division

Mailing Address:                    Physical Address:
Post Office Box 50540               1124 Smith Street, Room 309
Charleston, WV 25305-0540          Charleston, West Virginia  25301

Telephone Number:
Toll Free 1-888-879-9842

Website:        www.wvinsurance.gov

Very Truly Yours,

Joseph G. Manoni
Casualty Specialist III
304-357-4617

cc:      Robert A. Fisher, Claim Manager, West Virginia Board of Risk
         File

5

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

FREEDOM FROM RELIGION
FOUNDATION, INC., et al.,

        Plaintiffs,

v.

MERCER COUNTY BOARD
OF EDUCATION, et al.,

        Defendants.

Civil Action No.: 1:17-cv-00642

Hon. David A. Faber

## **VERIFICATION**

STATE OF WEST VIRGINIA,

COUNTY OF MERCER, TO-WIT:

        The undersigned hereby acknowledges that that she is the Superintendent of the Board of Education of the County of Mercer and, in such capacity, hereby verifies that the foregoing Responses to Plaintiffs' First Requests for Production of Documents, Interrogatories, and Requests for Admissions to Defendant, Deborah Akers, are true and correct to the best of her knowledge, information, and belief.

        DR. DEBORAH S. AKERS, SUPERINTENDENT
THE BOARD OF EDUCATION OF THE COUNTY
OF MERCER.

        Taken, subscribed and sworn to before the undersigned Notary Public this

_15th_ day of _July_____, 2019.

OFFICIAL SEAL
Notary Public, State of West Virginia
KEMBERLY L WHITLOW
Mercer County Schools
1403 Honaker Avenue
Princeton, WV  24740
My commission expires June 16, 2024

Notary Public
(NOTARIAL SEAL)

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 1)**