IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

FREEDOM FROM RELIGION
FOUNDATION, INC., et al.,

       Plaintiffs,

v.

MERCER COUNTY BOARD
OF EDUCATION, et al.,

       Defendants.

Civil Action No.: 1:17-cv-00642

Hon. David A. Faber

## DEFENDANT MERCER COUNTY BOARD OF EDUCATION'S RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, AND REQUESTS FOR ADMISSIONS TO DEFENDANT MERCER COUNTY BOARD OF EDUCATION

### GENERAL OBJECTIONS

1.      Mercer County Board of Education ("BOE") provides the following objections and responses in order to expedite discovery issues in this case. Nothing herein is intended to waive any arguments in Defendants' Motion to Dismiss or in any previous briefing opposing discovery in this matter as premature.

2.      BOE objects to the definition of document because, among other things, it requests documents formerly in BOE's custody, which by definition are not currently in BOE's custody and are therefore beyond the proper scope of requests for production. BOE further objects to the term documents to the extent that it is intended to include documents held by members or other representatives of the BOE in any capacity except for their official capacity with the BOE.

3.      BOE Objects to the definition of "Bible in the Schools" because the term "Bible classes" is undefined and ambiguous in meaning. BOE will construe the term "Bible in the Schools" to mean jointly the Bible in the Schools curriculum and the Bible and its Influence curriculum.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

## REQUEST FOR PRODUCTION

1.      All documents related to the Bible in the Schools program,

including:

a.      Documents to or from the Bluefield Bible Study Fund, Inc. or

their representatives, including Wayne Pelts;

b.      All course materials utilized in any Bible in the Schools

classes;

c.      All staff training manuals or other guidance documents

concerning Bible in the Schools;

d.      Any document provided to parents and guardians

concerning Bible in the Schools;

e.      All documents related to the selection of, and qualification

for, teachers in the Bible in the Schools program.

**RESPONSE:**      BOE objects to this request as overbroad and unduly burdensome in that given Plaintiffs construction of "including" the request is for all documents for all time related to the Bible in the Schools Program. This would encompass documents across multiple schools and multiple classes for a number of decades, including numerous duplicates. The overbreadth and burden of this request are particularly onerous given that BOE has a motion to dismiss pending and this request appears to be geared toward the merits generally rather than any issues identified by Plaintiff as necessary discovery for responding to BOE's motion to dismiss. Such a request would never be proportionate to the need in this case and is especially not proportionate to the need given BOE's pending motion to dismiss.   Additionally, BOE

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

objects to the extent this request includes documents subject to attorney-client communication, attorney work product, and other applicable privileges.

Subject to and without waiving the foregoing objections, BOE states that it has already produced responsive documents with respect to subpart (a). BOE further states that it will produce additional responsive documents, after the Court's ruling on BOE's motion to dismiss clarifies what topics are the subject of fact discovery.

2. Any document concerning a secular meaning or

interpretation of the Bible in the Schools' curriculum.

**RESPONSE:** BOE objects that this request is vague and unclear such that BOE is unable to determine what is being asked. In particular, it is unclear what Plaintiffs mean by a "secular meaning or interpretation" of a school curriculum. Additionally, BOE objects that this requests is not proportionate to Plaintiffs' needs given that BOE has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in BOE's motion to dismiss.

Subject to and without waiving the foregoing objections, BOE states that it will produce responsive documents after the Court's ruling on BOE's motion to dismiss clarifies what topics are the subject of discovery.

3. All documents concerning the employment of Bible in the Schools

teachers from June 1, 2009 to the present.

**RESPONSE:** BOE objects to this request as overbroad, unduly burdensome and not proportionate to the needs of Plaintiffs in this case. Documents such as paystubs and related payment and tax information have no bearing on plaintiffs' claims. Additionally, BOE objects that this request is not proportionate to Plaintiffs' needs given that BOE has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in BOE's motion to dismiss.

Subject to and without waiving the foregoing objections, BOE states that it will produce responsive documents, if any, after the Court's ruling on BOE's motion to dismiss clarifies what topics are the subject of discovery.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

4. All documents concerning insurance policies that may cover all or

part of a possible judgment or relating to a duty to defend this suit.

**RESPONSE**: Policy will be provided.  See attached letter dated February

23, 2017, Bates Numbered 000023 – 000027.

5. All documents that you intend to use at trial or in support of or

opposition to a motion for summary judgment.

**RESPONSE:**        BOE objects to this request as vague and ambiguous in that it is unclear what the phrase "use at trial" is intended to convey and at this point likely includes documents in control of Plaintiffs and not BOE.  BOE further objects that as phrased, this request improperly seeks to inquire into privileged attorney work product.  Documents BOE intends to introduce at trial, if any, will be included on an exhibit list consistent with the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, BOE has made no decisions about what documents will be introduced at trial or used as exhibits in support of or opposition to any motion for summary judgment, so BOE has no responsive documents at this time.

6. If your response to Request for Admission No. 1 is anything other

than an unqualified admission, produce all documents relied upon by you in making

your denial, and produce all documents you contend support your denial.

**RESPONSE:**        BOE incorporates by reference its objections to Plaintiffs' Request for Admissions 1 fully herein.  BOE further objects that this request is vague and ambiguous in that it is unclear what the phrase "relied on" is intended to convey in this context.  Moreover, this request is unduly burdensome and not proportionate to the need in that, as written, it would require BOE to prove a negative statement, and therefore would require BOE to examine and likely produce all documents associated with the Bible in the Schools program, and as written, all documents relating to any person associated with the Bible in the Schools program.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

Additionally, BOE objects that this request is especially not proportionate to Plaintiffs' needs at this time given that BOE has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in BOE's motion to dismiss.

Subject to and without waiving the foregoing objections, BOE states that it will produce responsive documents within a reasonable time after the Court's ruling on BOE's motion to dismiss clarifies what topics are the subject of discovery.

      7.     If your response to Request for Admission No. 2 is anything other

than an unqualified admission, produce all documents relied upon by you in making

your denial, and produce all documents you contend support your denial.

      **RESPONSE:**     BOE incorporates by reference its objections to Plaintiffs' Request for Admissions 2 fully herein.  BOE further objects that this request is vague and ambiguous in that it is unclear what the phrase "relied on" is intended to convey in this context.  This phrase is particularly unclear given that the request as written is for documents proving a negative.  Moreover, this request is unduly burdensome and not proportionate to the need in that, as written, it would require BOE to prove a negative statement, and therefore would require BOE to examine and likely produce all documents associated with the Bible in the Schools program, and as written, all documents related to Mercer County Schools and BOE without constraint as to time or scope.  Additionally, BOE objects that this request is especially not proportionate to Plaintiffs' needs at this time given that BOE has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in BOE's motion to dismiss.

Subject to and without waiving the foregoing objections, BOE states that it will produce responsive documents, if any, after the Court's ruling on BOE's motion to dismiss clarifies what topics are the subject of discovery.

      8.     If your response to Request for Admission No. 3 is anything other

than an unqualified admission, please produce all documents relied upon by you in

making your denial, and produce all documents you contend support your denial.

**RESPONSE:**   BOE incorporates by reference its objections to Plaintiffs' Request for Admissions 3 fully herein. BOE further objects that this request is vague and ambiguous in that it is unclear what the phrase "relied on" is intended to convey in this context. This phrase is particularly unclear given that the request as written is for documents proving a negative. Moreover, this request is unduly burdensome and not proportionate to the need in that, as written, it would require BOE to prove a negative statement, and therefore would require BOE to examine and likely produce all documents associated with Dr. Akers' duties and the duties of all other school employees in Mercer County without constraint as to time or scope. Additionally, BOE objects that this request is especially not proportionate to Plaintiffs' needs at this time given that BOE has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in BOE's motion to dismiss.

Subject to and without waiving the foregoing objections, BOE states that it will produce responsive documents, if any, after the Court's ruling on BOE's motion to dismiss clarifies what topics are the subject of discovery.

9.   If your response to Request for Admission No. 4 is anything other than an unqualified admission, produce all documents relied upon by you in making your denial, and produce all documents you contend support your denial.

**RESPONSE:**   BOE incorporates by reference its objections to Plaintiffs' Request for Admissions 4 fully herein. BOE further objects that this request is vague and ambiguous in that it is unclear what the phrase "relied on" is intended to convey in this context. This phrase is particularly unclear given that the request as written is for documents proving a negative. Moreover, this request is unduly burdensome and not proportionate to the need in that, as written, it would require BOE to prove a negative statement, and therefore would require BOE to examine and likely produce all documents associated with the Bible in the Schools program, and as written, all documents related to any goals or objectives set by BOE without constraint as to time or scope. Additionally, BOE objects that this request is especially not proportionate to Plaintiffs' needs at this time given that BOE has a pending motion to dismiss and the documents sought by this request relate to the merits of the case and not any issue raised in BOE's motion to dismiss.

Subject to and without waiving the foregoing objections, BOE states that it will produce responsive documents, if any, after the Court's ruling on BOE's motion to dismiss clarifies what topics are the subject of discovery.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

## INTERROGATORIES

**INTERROGATORY NO. 1:**       Please identify all person who are likely

to have personal knowledge of any fact alleged in the complaint, and state to the best of

your knowledge the subject matter of the information possessed by each such person.

      **ANSWER:**   BOE objects that this request is vague and ambiguous and beyond the scope of discovery because neither Deal nor Roe, the current Plaintiffs, are parties to the complaint. BOE will construe "complaint" to mean the First Amended Complaint in this case. Plaintiffs further object that this request is unduly burdensome and not proportionate to the need because many of the facts set out in the complaint involve public information, and therefore the number of people who have personal knowledge of facts in the complaint, as construed herein, is at least hundreds, and quite possibly thousands. BOE further objects that this request is not limited to issues relevant to BOE's motion to dismiss and is therefore premature and unduly burdensome given the posture of this case.

      Subject to and without waiving the foregoing objections, BOE states that persons with personal knowledge are identified in BOE's disclosures.

**INTERROGATORY NO. 2:**       Please identify all persons responsible

for implementing the Bible in the Schools program and their role in doing so.

      **ANSWER:**   BOE objects that this request is vague and ambiguous, in particular that the phrase "implementing the Bible in the Schools program" is unclear, because implement could be construed broadly (and must be constructed broadly according to Plaintiffs definitions) to include all school staff, including janitorial and maintenance staff, parents of students, students, authors and publishers of any textbooks used, and numerous other people without any limit as to time. BOE will construe this request to mean the teachers of Bible in the Schools classes since 2013 when the First Amended Complaint alleges that Roe enrolled in Mercer County Schools. BOE further objects that this request is not limited to issues relevant to BOE's motion to dismiss and is therefore premature and unduly burdensome given the posture of this case.

      Subject to and without waiving the foregoing objections, BOE states that it will identify the teachers of the Bible in the Schools program since 2013 if it remains relevant to any discoverable issue following the Court's ruling on BOE's motion to dismiss.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

**INTERROGATORY NO 3:**        If you claim that the purpose of the

Bible in the Schools program was not primarily religious, please state all such facts

upon which you rely.

**ANSWER:**    BOE objects to this request as vague and ambiguous such that it is unable to reasonable discern what is meant to state the "purpose of the Bible in the Schools program was not primarily religious." This lack of clarity is compounded by the fact that as asked, Plaintiffs are requesting that BOE identify all facts that the "purpose of the Bible in the Schools program was not primarily religious." BOE will interpret this phrase to mean that the "purpose of BITS program was constitutional." BOE further objects to the extent that Plaintiffs request "all facts on which you rely" as vague and ambiguous to the extent that it is unclear what Plaintiffs mean by "rely" and improperly broad, unduly burdensome, and not proportionate to the need to the extent that it is intended to cover "all facts" regarding the purpose of the BITS program. BOE further objects that this request is not limited to issues relevant to BOE's motion to dismiss and is therefore premature and unduly burdensome given the posture of this case.

Subject to and without waiving the foregoing objections, BOE will identify facts supporting that the BITS program had a constitutional purpose following the Court's ruling on BOE's motion to dismiss, if such issues remain relevant to the disposition of this case following such ruling.

**INTERROGATORY NO. 4:**        If you deny that a primary effect of instituting Bible in

the Schools program was to advance or endorse religion, please state all facts upon

which you base this denial.

**ANSWER:**    BOE objects that the phrases "primary effect" and "advance or endorse religion" are vague and ambiguous such that it is unclear what information Plaintiffs seek. This lack of clarity is compounded by the fact that as asked, Plaintiffs are requesting that BOE identify all facts that support a negative proposition, that the "primary effect" of the BITS program was not "to advance or endorse religion." BOE further objects that this interrogatory is not limited in time, and will therefore respond only as the time period following Roe's enrollment in public schools in Mercer County. BOE further objects that this request is not limited to issues relevant to BOE's motion to dismiss but seeks information on the general merits of this case before the scope of this suit and proper and is therefore premature and unduly burdensome given the posture of this case.

Subject to and without waiving the foregoing objections, BOE will identify facts supporting that the effects of the BITS program were constitutional following the Court's

ruling on BOE's motion to dismiss, if such issues remain relevant to the disposition of this case following such ruling.

**INTERROGATORY NO. 5:** If you assert that the Bible in the Schools

program was not consistent with the educational mission of the Mercer County Board

of Education, please state all facts supporting this position.

**ANSWER:** BOE objects to this request as vague and ambiguous in that Bible in the Schools, as defined, consists of at least two separate curricula, and it is unclear which curriculum Plaintiffs intend to put at issue. BOE will construe this request to ask for non-privileged facts supporting BOE's decision to terminate the now-eliminated BITS curriculum. BOE further objects that this request is not limited to issues relevant to BOE's motion to dismiss but seeks information on the general merits of this case before the scope of this suit and proper and is therefore premature and unduly burdensome given the posture of this case. BOE further states that the decision was made in conjunction with legal counsel and objects to the extent that this response would require disclosure of privileged communications or other privileged material.

Subject to and without waiving the foregoing objections, BOE states that it will identify non-privileged facts supporting its decision to terminate the former BITS curriculum following the Court's ruling on BOE's motion to dismiss, if such issues remain relevant to the disposition of this case following such ruling.

**INTERROGATORY NO. 6:** Please identify each person whom you

have reason to believe you may call at the time of trial of this case, and, for each such

person, state the substance of the testimony he/she is expected to give.

**ANSWER:** BOE objects that this request is vague and ambiguous such that it is unclear what is being asked, in particular as to the phrase "have reason to believe you may call at trial." BOE further states that this request is premature; BOE has a pending motion to dismiss the scope of issues for trial not yet defined, which may be altered by BOE's motion to dismiss or other dispositive motions filed in this suit before trial. This request is further improper in that it necessarily seeks information about privileged attorney work product.

Subject to and without waiving the foregoing objections, BOE states that it will provide a list of potential trial witnesses in accordance with the Court's pretrial scheduling and federal rules of civil procedure.

**INTERROGATORY NO. 7:** Please identify every person who has served as a Bible in the Schools teacher for the past ten years.

**ANSWER:** BOE objects that this request is not related to issues relevant to BOE's motion to dismiss but seeks information on the general merits of this case before the scope of this suit and proper and is therefore premature and unduly burdensome given the posture of this case.

Subject to and without waiving the foregoing objections, BOE states that it will identify all Bible in the Schools teachers for the past 10 years at a reasonable time following the Court's ruling on BOE's motion to dismiss, if such information remains relevant to the triable issues in this case.

**INTERROGATORY NO. 8:** To the extent your response to Request for Admission No.1 is anything other than an unqualified admission, describe your basis for why the Bible in the Schools program did not instill religious teachings in elementary and middle school students.

**ANSWER:** BOE incorporates by reference its objections to Plaintiffs' Request for Admission 1 fully herein. BOE further objects that this request is not relevant to any issue in BOE's motion to dismiss and until the Court has ruled on BOE's motion, the scope of triable issues in this case has not been established, therefore this interrogatory is premature and beyond the scope of discovery.

Subject to and without waiving the foregoing objections, BOE states that it will provide a basis for its denial following the Court's ruling on BOE's motion to dismiss if such information is relevant to the triable issues in this case, if any.

**INTERROGATORY NO. 9:** To the extent your response to Request for Admission No. 2 is anything other than an unqualified admission, describe your basis for why Mercer County Schools and the Mercer County Board of Education did not have a policy and practice of administering religious teachings to students in first through eighth grade.

**ANSWER:** BOE incorporates by reference its objections to Plaintiffs' Request for Admission 2 fully herein. BOE further objects that this request is not relevant to any issue in BOE's motion to dismiss and until the Court has ruled on BOE's motion, the scope of triable issues in this case has not been established, therefore this interrogatory is premature and beyond the scope of discovery.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

Subject to and without waiving the foregoing objections, BOE states that it will provide a basis for its denial following the Court's ruling on BOE's motion to dismiss if such information is relevant to the triable issues in this case, if any.

**INTERROGATORY NO. 10:**     To the extent your response to Request

for Admission No. 3 is anything other than an unqualified admission, describe your

basis for why Deborah Akers does not have the primary duty to implement the Mercer

County Board of Education's policies and programs.

**ANSWER:**     BOE incorporates by reference its objections to Plaintiffs' Request for Admission 3 fully herein.  BOE further objects that this request is not relevant to any issue in BOE's motion to dismiss and until the Court has ruled on BOE's motion, the scope of triable issues in this case has not been established, therefore this interrogatory is premature and beyond the scope of discovery.

Subject to and without waiving the foregoing objections, BOE states that it will provide a basis for its denial following the Court's ruling on BOE's motion to dismiss if such information remains relevant to the triable issues in this case, if any.

**INTERROGATORY NO. 11:**     To the extent your response to Request

for Admission No. 4 is anything than an unqualified admission, describe your basis for

why the Bible in the Schools program is consistent with the educational mission of the

Mercer County Board of Education.

**ANSWER:**     BOE incorporates by reference its objections to Plaintiffs' Request for Admission 4 fully herein.  BOE further objects that this request is not relevant to any issue in BOE's motion to dismiss and until the Court has ruled on BOE's motion, the scope of triable issues in this case has not been established, therefore this interrogatory is premature and beyond the scope of discovery.

Subject to and without waiving the foregoing objections, BOE states that it will provide a basis for its denial following the Court's ruling on BOE's motion to dismiss if such information remains relevant to the triable issues in this case, if any.

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

## REQUESTS FOR ADMISSION

1.     Admit that the Bible in the Schools program instilled religious

teachings in elementary and middle school students.

**RESPONSE:**     BOE objects that this request is vague and ambiguous such that BOE is unable to reasonably determine what admission is being sought. In particular it is unclear what Plaintiffs mean by "instill religious teachings." BOE construes this phrase to mean "require to profess or accept religious tenets." BOE further objects that this request for admission goes to the merits of this case and has no bearing on any issue raised by BOE in its motion to dismiss.

Subject to and without waiving the foregoing objections, DENIED.

2.     Admit that Mercer County Schools and the Mercer County Board

of Education had a policy and practice of administering religious teachings to students

in first through eighth grade.

**RESPONSE:**     BOE objects that this request is vague and ambiguous in that BOE is unable to reasonably determine what is meant by the phrases "policy and practice" and "administering religious teachings." BOE construes "administering religious teachings" to mean "advocating the acceptance of a religious belief system." BOE further objects that this request for admission goes to the merits of this case and has no bearing on any issue raised by BOE in its motion to dismiss.
Subject to and without waiving the foregoing objections, DENIED.

3.     Admit that Deborah Akers has the primary duty to implement the

Mercer County Board of Education's policies and programs.

**RESPONSE:**     BOE objects to the phrases "primary duty" and "policies and programs" as vague and ambiguous such that BOE is unable to reasonably determine what admission is being sought. BOE construes "primary responsibility" as meaning "sole authority" and "policies and programs" to mean "educational programs and classes." BOE further objects that this request for admission goes to the merits of this case and has no bearing on any issue raised by BOE in its motion to dismiss.

Subject to and without waiving the foregoing objections, DENIED

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

4.    Admit that the Bible in the Schools program was not consistent

with the educational mission of the Mercer County Board of Education.


**RESPONSE:**    BOE objects that this request is vague and ambiguous
such that BOE is unable to reasonably determine what admission is being sought. As
defined by Plaintiffs, "Bible in the Schools" program encompasses at least two different
curricula. Additionally, the phrase "was not consistent" is made without reference to
time, such that BOE cannot determine which curriculum and for which time Plaintiffs
are seeking an admission. As noted above, BOE will construe "Bible in the Schools" to
refer jointly to the biblical curricula that have been offered at Mercer County Schools,
and "was not consistent" to mean "has never been consistent." BOE further objects
that this request for admission goes to the merits of this case and has no bearing on any
issue raised by BOE in its motion to dismiss.

Subject to and without waiving the foregoing objections, DENIED.


                              Mercer County Board of Education,
                              By Counsel.




/s/ Kermit J. Moore
Kermit J. Moore
West Virginia State Bar No. 2611
Brewster, Morhous, Cameron, Caruth,
      Moore, Kersey & Stafford, PLLC
418 Bland Street
Post Office Box 529
Bluefield, West Virginia 24701
(304) 325-9177
(304) 324-0362 *fax*


**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD DIVISION**

FREEDOM FROM RELIGION
FOUNDATION, INC., et al.,

        Plaintiffs,

v.

        Civil Action No.: 1:17-cv-00642

        Hon. David A. Faber

MERCER COUNTY BOARD
OF EDUCATION, et al.,

        Defendants.

## CERTIFICATE OF SERVICE

I, Kermit J. Moore, counsel for defendant, Mercer County Board of

Education, hereby certify that on the 15th day of July, 2019, I electronically filed the

Certificate of Service with the Clerk of the Court using CM/ECF system confirming

service of MERCER COUNTY BOARD OF EDUCATION'S RESPONSES TO

PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS,

INTERROGATORIES, AND REQUESTS FOR ADMISSIONS TO DEFENDANT

MERCER COUNTY BOARD OF EDUCATION upon counsel of record, via e-

mail:

> Marcus B. Schneider, Esquire
> Steele Schneider
> 428 Forbes Avenue, Suite 700
> Pittsburgh, Pennsylvania 15219
> marcschneider@steeleschneider.com
>
> Patrick C. Elliott, Esquire
> Christopher Line, Esquire
> Freedom From Religion Foundation
> Post Office Box 750
> Madison, Wisconsin 53701
> Patrick@ffrf.org
> chris@ffrf.org

Kristina T. Whiteaker, Esquire
David L. Grubb, Esquire
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, West Virginia 25301
kwhiteaker@grubblawgroup.com
dgrubb@grubblawgroup.com

Hiram S. Sasser, III, Esquire
Jeremiah G. Dys, Esquire
Reed N. Smith, Esquire
First Liberty Institute
2001 West Plano Parkway, Suite 1600
Plano, Texas 75075
hsasser@firstliberty.org
jdys@firstliberty.org
reednsmith@gmail.com

/s/ Kermit J. Moore

000023





RECEIVED
FEB 2 7 2017

AIG Property & Casualty
P.O. Box 293206
Nashville, TN 37229-3206
www.aig.com

February 23, 2017

Joseph Manoni
Casualty Claims Specialist III
T  304 357 4617
joseph.manoni@aig.com

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Deborah S. Akers, Superintendent
Mercer County Board of Education
1403 Honaker Avenue
Princeton, WV 24740

|  | RE | Our File: | 501-418758 |
|---|---|---|---|
|  |  | Reference No.: | 0596684216US |
|  |  | Our Insured: | Mercer County Board of Education |
|  |  | Plaintiff: | Freedom From Religion Foundation, Inc. |
|  |  | Policy Number: | GL 3796662 |
|  |  | Effective Dates: | 7/1/16 - 7/1/17 |
|  |  | Limit of Liability: | $1,000,000 |

Dear Superintendent Akers:

The purpose of this letter is to advise you of our position regarding insurance coverage as it relates to the law suit filed by Marcus Schneider on behalf of his clients Freedom From Religion Foundation, Inc. and Jane Doe and Jamie Doe. This is to inform you that AIG Property & Casualty, on behalf of National Union Fire Insurance Company of Pittsburgh, PA, will conduct an investigation and will be providing the Mercer County Board of Education with a defense in the above captioned matter, subject to a reservation of rights. This matter has been assigned to Kermit Moore he is with the law firm of Brewster, Morhous, Cameron he can be reached at 304-324-0348.

AIG Property & Casualty is the authorized representative of National Union Fire Insurance Company of Pittsburgh, PA (Hereafter referred to as "The Company"), who issued a Comprehensive General Liability to the Mercer County Board of Education, under policy number GL 3796662, with effective dates of July 1, 2016 to July 1, 2017.

We would like you to know that we appreciate and value you as an insured. We are committed to working closely with you in the defense of this matter. Should there be any questions or concerns after reading the contents of this letter, please feel free to contact me at any time.

In considering your request for coverage, we have carefully reviewed the insurance policy referenced above, as well as the allegations asserted. No other policies were

1

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

000024



considered. If you assert a right to coverage under another policy issued by any other member company of AIG Property & Casualty, please submit notice pursuant to the notice provisions contained in that policy or direct such notice to the undersigned and I shall forward it to the proper claims handling unit for response.

### The Plaintiff's Complaint/Allegations

The complaint is filed in the United States District Court for the Southern District of West Virginia under civil action 1:17-cv-00642 and is styled Freedom From Religion Foundation, Inc. and Jane Doe individually, and on behalf of Jamie Doe v. Mercer County Board of Education, Mercer County Schools and Deborah S. Akers., individually and in her official capacity as Superintendent of Mercer County Schools. The complaint seeks to challenge the constitutionality of the "Bible in the Schools" program administered by Mercer County Schools that provides bible study to elementary and middle school students in public schools throughout Mercer County. The plaintiffs seek a declaration that the "Bible in the Schools" program violates the 1st and 14th Amendments to the United States Constitution, as well as Article III, Section 15 of the West Virginia Constitution; an injunction prohibiting the defendants from administering or participating in the "Bible in the Schools" program in the future; nominal damages; and, recovery of attorney fees and costs.

We want to assure you that we are in no way accepting the claimant's allegations as true. However, we want to advise you of the availability of coverage under your policy based on the allegations set forth. The basis for our determination is stated below.

### The Insurance Policy

Pursuant to Certificate of Insurance number L 0228, Mercer County Board of Education is an additional insured under the policy.

For there to coverage under the Wrongful Acts Coverage part, there must be a covered loss. The term "loss" is a defined term. It is found under paragraph 4. B. on page 16 of the policy.

> "4. **Additional Definitions**
>
> When used in reference to this insurance:
>
> B. "'**Loss**' shall mean any amount which the '**insured(s)**' are legally obligated to pay, including, but not limited to, any amounts which the '**Named Insured**' may be required or permitted to pay as indemnity to any '**insured**', for a claim or claims made against an '**insured**' for a

2

000025



Wrongful Act and shall include but not be limited to damages, judgments, settlements and costs, cost of investigation and defense of legal actions (excluding salaries of officers or employees of the 'Named Insured' or any other governmental body), claims or proceedings and appeals therefrom, premium on bonds to release attachments or similar bonds but not without any obligation to apply for or furnish such bonds, provided always, however, 'loss' shall not include fines imposed by law and any such amount due or payable under the terms of a contractual obligation."

As noted above, in addition to monetary damages, the plaintiffs are demanding non-pecuniary relief is the form of have the court order the insured to cease teaching the class.  Please be advised that pursuant to Endorsement #11, the policy specifically excludes coverage for non-pecuniary relief.

### "THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### ENDORSEMENT #11

This endorsement, effective 12:01 A.M. July 1, 2016, forms a part of Policy No. RMGL 3796662 issued by National Union Fire Insurance Company of Pittsburgh, Pa.

### EXCLUSION OF NON-PECUNIARY RELIEF CLAIMS

*This endorsement modifies insurance provided under the following:*

WEST VIRGINIA COMPREHENSIVE LIABILITY COVERAGE FORM

**Section I – Coverage, Coverage A, B, C, D, & E, 2. Exclusions are amended to add:**

No insurance coverage exits for any and all claims, demands or actions seeking relief in any non-pecuniary form, including but not limited to injunctions, equitable relief, and declaratory judgments, and to any claims, demands, or actions seeking relief in the form of attorney's fees, expenses, or other costs against the insured made in conjunction with, or as a result of, and claim for non-pecuniary relief."

3

000026



Finally, please note that the policy will not cover derivative damages of non-covered damages, such as the plaintiff's legal fees and court costs.

**The Insurance Company's Position**

As indicated above, the plaintiff makes allegations that trigger certain coverage provisions of the policy. As per the above-cited policy language, the policy limits, regardless of the number of insured entities, is $1 million. In addition, the policy does not cover an award of injunctive relief, nor does the policy cover derivative damages of non-covered damages, such as the plaintiff's possible legal fees incurred in pursuing this action.

The Company is reserving its rights based upon the above cited provisions, conditions, exclusions, and definitions found within the policy. Please also be advised that the views set forth herein are not intended to be exclusive or exhaustive. The Company wishes to advise you that it will continue to investigate and provide a defense to you in this action subject to a full reservation of all of its rights under the policy to decline coverage to you should there be a future determination that there is no potential for coverage. These rights include the right to investigate, to defend, to file a declaratory action, to seek recoupment of any costs expended on defense or settlement, and to withdraw the investigation or defense in this case at any time if appropriate. In the event that we determine that there is no coverage under the policy or that there is a material change in our position, we will advise you in writing. The actions of the Insurance Company in providing this defense shall not act as an estoppel or waiver of any of the rights arising out of the policy or law.

Should you have any additional information that you feel would either cause us to change our position or world assist us in our investigation or determination, we ask that you advise us as soon as possible. Also, if you are served with any additional demands or amended complaints or pleadings, please forward them to us immediately, since they could change our analysis of coverage. If you wish to have your own personal counsel become involved in this matter, at your own expense, please feel free to do so, and we will cooperate fully with such counsel.

Thank you for your cooperation in this matter. Please feel free to contact me at anytime should you have any questions.

If you have any other insurance policies, which may respond to this claim asserted, you should notify that carrier immediately.

Please be aware that, if you believe that our position is incorrect, you have the option of contacting the West Virginia Insurance Commissioner's office:

4

000027



Office of the Insurance Commissioner
ATTN: Consumer Service Division

Mailing Address:                    Physical Address:
Post Office Box 50540               1124 Smith Street, Room 309
Charleston, WV 25305-0540          Charleston, West Virginia 25301

Telephone Number:
Toll Free 1-888-879-9842

Website:        www.wvinsurance.gov

Very Truly Yours,

Joseph G. Manoni
Casualty Specialist III
304-367-4617

cc:     Robert A. Fisher, Claim Manager, West Virginia Board of Risk
        File

5

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD DIVISION**

FREEDOM FROM RELIGION                     |
FOUNDATION, INC., et al.,                         |
                                                              |
          Plaintiffs,                                    |
                                                              |          Civil Action No.: 1:17-cv-00642
v.                                                            |
                                                              |          Hon. David A. Faber
MERCER COUNTY BOARD                        |
OF EDUCATION, et al.,                             |
                                                              |
          Defendants.                                 |

## VERIFICATION

STATE OF WEST VIRGINIA,

COUNTY OF MERCER, TO-WIT:

          The undersigned hereby acknowledges that that she is the *superintendent*

of the Mercer County Board of Education and, in such capacity, hereby verifies that the

foregoing Responses to Plaintiffs' Second Requests for Production of Documents,

Interrogatories, and Requests for Admissions to the Mercer County Board of Education

are true and correct to the best of her knowledge, information, and belief.

MERCER COUNTY BOARD OF EDUCATION

By: _____

Its: _____

          Taken, subscribed and sworn to before the undersigned Notary Public this

_15th_ day of ____July_____, 2019.

_____
Notary Public
(NOTARIAL SEAL)

OFFICIAL SEAL
Notary Public, State of West Virginia
**KEMBERLY L WHITLOW**
Mercer County Schools
1403 Honaker Avenue
Princeton, WV  24740
My commission expires June 16, 2024

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery**
**(Part 2)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD DIVISION**

FREEDOM FROM RELIGION
FOUNDATION, INC., et al.,

      Plaintiffs,

v.

MERCER COUNTY BOARD
OF EDUCATION, et al.,

      Defendants.

Civil Action No.: 1:17-cv-00642

Hon. David A. Faber

## DEFENDANT MERCER COUNTY SCHOOL'S RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, AND REQUESTS FOR ADMISSIONS TO DEFENDANT MERCER COUNTY SCHOOLS

Mercer County Schools notes that the requests for production, interrogatories, and requests for admissions in Plaintiffs' First Set of Requests for Production, Interrogatories, and Requests for Admissions are identical to Plaintiffs' Requests for production, interrogatories, and requests for admissions in Plaintiffs' Second Set of Requests for Production of Documents, Interrogatories, and Requests for Admissions to the Mercer County Board of Education.

Mercer County Schools is the operational arm of the Mercer County's educational system, which is governed exclusively by the Mercer County Board of Education.

For the above reasons, Mercer County Schools fully adopts and

incorporates, as if written herein, the objections and responses of the Mercer County

Board of Education to Plaintiffs' Second Requests for Production of Documents,

Interrogatories, and Requests for Admissions.

Mercer County Board of Education,
By Counsel.

/s/ Kermit J. Moore
Kermit J. Moore
West Virginia State Bar No. 2611
Brewster, Morhous, Cameron, Caruth,
        Moore, Kersey & Stafford, PLLC
418 Bland Street
Post Office Box 529
Bluefield, West Virginia 24701
(304) 325-9177
(304) 324-0362 *fax*

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD DIVISION**

FREEDOM FROM RELIGION
FOUNDATION, INC., et al.,

        Plaintiffs,

v.

                         Civil Action No.: 1:17-cv-00642

                         Hon. David A. Faber

MERCER COUNTY BOARD
OF EDUCATION, et al.,

        Defendants.

## CERTIFICATE OF SERVICE

        I, Kermit J. Moore, counsel for defendant, Mercer County Board of

Education, hereby certify that on the 15th day of July, 2019, I electronically filed the

Certificate of Service with the Clerk of the Court using CM/ECF system confirming

service of MERCER COUNTY SCHOOL'S RESPONSES TO PLAINTIFFS' FIRST

REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, AND

REQUESTS FOR ADMISSIONS TO DEFENDANT MERCER COUNTY SCHOOLS upon

counsel of record, via e-mail:

                    Marcus B. Schneider, Esquire
                    Steele Schneider
                    428 Forbes Avenue, Suite 700
                    Pittsburgh, Pennsylvania 15219
                    marcschneider@steeleschneider.com

                    Patrick C. Elliott, Esquire
                    Christopher Line, Esquire
                    Freedom From Religion Foundation
                    Post Office Box 750
                    Madison, Wisconsin 53701
                    Patrick@ffrf.org
                    chris@ffrf.org

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

Kristina T. Whiteaker, Esquire
David L. Grubb, Esquire
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, West Virginia 25301
kwhiteaker@grubblawgroup.com
dgrubb@grubblawgroup.com

Hiram S. Sasser, III, Esquire
Jeremiah G. Dys, Esquire
Reed N. Smith, Esquire
First Liberty Institute
2001 West Plano Parkway, Suite 1600
Plano, Texas 75075
hsasser@firstliberty.org
jdys@firstliberty.org
reednsmith@gmail.com

/s/ Kermit J. Moore

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

FREEDOM FROM RELIGION
FOUNDATION, INC., et al.,

        Plaintiffs,

v.

MERCER COUNTY BOARD
OF EDUCATION, et al.,

        Defendants.

Civil Action No.: 1:17-cv-00642

Hon. David A. Faber

## VERIFICATION

STATE OF WEST VIRGINIA,

COUNTY OF MERCER, TO-WIT:

      The undersigned hereby acknowledges that that she is the *superintendent* of the Mercer County Schools and, in such capacity, hereby verifies that the foregoing Responses to Plaintiffs' First Requests for Production of Documents, Interrogatories, and Requests for Admissions to the Mercer County Schools are true and correct to the best of her knowledge, information, and belief.

MERCER COUNTY SCHOOLS

By: _Michael S. Aker_

Its: _Superintendent_

      Taken, subscribed and sworn to before the undersigned Notary Public this _15-th_ day of _July_, 2019.

_Kimberly L Whitlow_
Notary Public
(NOTARIAL SEAL)

OFFICIAL SEAL
Notary Public, State of West Virginia
KEMBERLY L WHITLOW
Mercer County Schools
1403 Honaker Avenue
Princeton, WV 24740
My commission expires June 16, 2024

**Exhibit A - Plaintiffs' Motion to Compel or Motion for Extension of Discovery (Part 2)**