IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

FREEDOM FROM RELIGION
FOUNDATION, INC., et al.,

    Plaintiffs,

v.                        CIVIL ACTION NO. 1:17-00642

MERCER COUNTY BOARD OF
EDUCATION, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' motion for leave to conduct limited discovery. (ECF No. 86). In that motion, they seek to engage in limited discovery related to defendants' argument that this case is now moot. Defendants oppose allowing discovery because the Mercer County Board of Education passed a resolution that it "will never offer or employ the BITS [Bible in the Schools] program in any of its schools". ECF No. 93 at 2. According to defendants, this settles it. The case is moot. End of story. See id. at 13.

As our appeals court wrote in this case,

> A case becomes moot "when the issues presented are no longer `live' or the parties lack a legally cognizable interest in the outcome." Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 763 (4th Cir. 2011) (internal quotation marks omitted).
>
> When a defendant voluntarily ceases a challenged program, however, the analysis requires additional rigor. In such a case, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power

> to determine the legality of the practice." <u>Laidlaw</u>, 528 U.S. 189, 120 S. Ct. 693 (internal quotation marks omitted). Rather, a party asserting mootness bears a "heavy burden of persuading" the court that "subsequent events [make] it <u>absolutely clear</u> that the allegedly wrongful behavior could not reasonably be expected to recur." <u>Id.</u> (alteration omitted and emphasis added).

<u>Deal v. Mercer County Bd. of Educ.</u>, 911 F.3d 183, 191 (4th Cir. 2018); <u>see also</u> <u>Grutzmacher v. Howard County</u>, 851 F.3d 332, 349 (4th Cir. 2017) ("It is well established that a defendant's voluntary cessation of a challenged practice moots an action only if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.") (internal citations and quotations omitted).

In <u>Grutzmacher</u>, the court concluded that the defendants in that case had met their "heavy burden of persuad[ing]" the court "that they will not revert to the challenged policies" and that dismissal for mootness was proper. <u>Id.</u> In so doing, the Fourth Circuit looked at the record and could "discern `no hint'" that the defendants "ha[d] any intention in reinstating the prior policies." <u>Id.</u> Therefore, based on the "formal assurances" of defendants "and the absence of any evidence to the contrary," the court affirmed the district court's mootness finding. <u>Id.</u>

Of the contradictory evidence of record in this case on mootness, the Fourth Circuit noted:

> The County has consistently described the BITS program as "suspend[ed]," rather than eliminated outright. Indeed, the County has characterized the suspension as part of a regular review process, a

2

> dubious suggestion in view of the program's uninterrupted, decades-long history. See Already, LLC v. Nike, Inc., 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (explaining that the voluntary cessation exception prevents a defendant from "engag[ing] in unlawful conduct, stop[ping] when sued to have the case declared moot, then pick[ing] up where he left off").
>
> Moreover, we have held that a defendant does not meet its burden of demonstrating mootness when it retains authority to "reassess" the challenged policy "at any time." Pashby, 709 F.3d at 316. Here, news reports submitted to the district court by the County itself emphasized that the County was "still vigorously contesting" this suit and "fighting" to retain the BITS program. Rather than enhancing the County's case, these press reports reveal the precise problem with relying on a party's voluntary cessation of unconstitutional activity to establish mootness. Indeed, we have routinely found such evidence insufficient. See Porter, 852 F.3d at 364-65 (collecting cases).
>
> Nor do we find compelling the fact that BITS teachers received a notice from the Mercer County Board of Education that their employment might be terminated. To the extent this has persuasive value, it is undercut by Superintendant Akers' description of the notices as a "precautionary measure" driven solely by this litigation and the school district's "mandatory timelines" for informing teachers of their ongoing employment status. Such equivocal evidence cannot save the County's mootness claims.
>
> In sum, the County has not carried its burden of showing that subsequent events make it "absolutely clear" that the suspended version of the BITS program will not return in identical or materially indistinguishable form. Laidlaw, 528 U.S. at 189. 120 S. Ct. 693. Appellants' current claims are therefore not moot.

Deal, 911 F.3d at 191-92. The court understands that the Board's resolution was passed after the appeal was decided. However,

3

that does not mean the court can ignore the contradictory evidence in the record.

Based on the foregoing, the court deems it proper to allow plaintiffs to engage in <u>limited</u> discovery regarding the issue of mootness and the motion to do so is **GRANTED**.  Accordingly, the discovery deadline in this matter is extended until October 1, 2019 to allow discovery that bears directly on whether this case is mooted by the resolution passed by the Mercer County Board of Education.  Plaintiffs will have until October 15, 2019 to respond to defendants' motion to dismiss on the issue of mootness and defendants may reply within the time period provided by the local rules.[*]  All other deadlines in the scheduling order are **CONTINUED** generally until further order of the court.  The parties should inform Magistrate Judge Tinsley if the pending motion to compel is resolved by this Memorandum Opinion and Order.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 31st day of July, 2019.

ENTER: David A. Faber

David A. Faber
Senior United States District Judge

---

[*] Accordingly, plaintiff's motion for an extension of time (ECF No. 88) is **GRANTED**.