# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**FREEDOM FROM RELIGION**
**FOUNDATION, INC. et al.,**

    **Plaintiffs,**
**v.**                                          **CIVIL ACTION NO. 1:17-00642**

**MERCER COUNTY BOARD OF**
**EDUCATION et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On March 31, 2020, the court denied defendant Rebecca Peery's motion to dismiss for failure to serve process. Under Rule 4, service must be perfected upon a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If the plaintiff has not completed service within 90 days, the court must determine whether the plaintiff has shown good cause for failing to timely effect service. Id.

The Fourth Circuit has explained that "good cause" in the context of Rule 4(m) "requires some showing of diligence on the part of the plaintiffs . . . [and] generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service." Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019). A "plaintiff bears the burden . . . of demonstrating good cause for any delay." Iskander v. Baltimore Cty., Md., 2011 WL 4632504, at *1 (D. Md.

Oct. 3, 2011). Courts often look to several factors to guide their determination of whether plaintiffs have shown good cause, which "include whether: 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." Scott v. Maryland State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016) (citations omitted). "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court.'" Collins v. Thornton, 782 F. App'x 264, 267 (4th Cir. 2019) (quoting Scott, 673 F. App'x at 306 (4th Cir. 2016)).

However, "even if there is no good cause shown . . . [district] courts have been accorded discretion to enlarge" the period for service. Henderson v. United States, 517 U.S. 654, 662 (1996) (quoting Advisory Committee's Notes); see, e.g., Escalante v. Tobar Constr., Inc., 2019 WL 109369, at *3 (D. Md. Jan. 3, 2019).[1] Courts have identified several non-exhaustive

---

[1] After the Supreme Court's decision in Henderson, the Fourth Circuit recognized that district courts have discretion to "extend[] the time for proper service of process," even absent good cause. Scruggs v. Spartanburg Reg'l Med. Ctr., 1999 WL 957698, *2 (4th Cir. 1999). This reading comports with the plain

2

factors that guide the discretionary decision of whether to enlarge the service period. Such factors include "(i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's pro se status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended." Robinson, 193 F. Supp. 3d at 580 (citing Kurka v. Iowa Cty., 628 F.3d 953, 959 (8th Cir. 2010); Newby v. Enron, 284 F. App'x. 146, 149-51 (5th Cir. 2008); Carter v. Keystone, 278 F. App'x. 141, 142 (3d Cir. 2008); Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008); Wright & Miller, *Federal Practice & Procedure: § 1137* (2015)).

After a consideration of these factors and under the unique facts and circumstances of this case, the court in its discretion

---

language of the 2015 revision to Rule 4(m), which states that a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added); see Robinson v. G D C, Inc., 193 F. Supp. 3d 577, 583 (E.D. Va. 2016); see also, e.g., United States v. Woods, 571 U.S. 31, 45 (2013) (recognizing that the word "or" "is almost always disjunctive" and thus the "words it connects are to 'be given separate meanings'").

will **EXTEND** the time for service of process pursuant to Rule 4(m) for 90 days – the amount of time Rule 4(m) gives for service after the filing of a complaint – from the date of issuance of this Order.

    The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

    IT IS SO ORDERED this 1st day of April, 2020.

                             **ENTER:**

                             David A. Faber
                             Senior United States District Judge