IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

FREEDOM FROM RELIGION
FOUNDATION, INC. et al.,

     **Plaintiffs,**

v.                                        CIVIL ACTION NO. 1:17-00642

MERCER COUNTY BOARD OF
EDUCATION et al.,

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Rebecca Peery's motion to dismiss.  See ECF No. 137.  Plaintiffs filed a response in opposition to the motion to dismiss.  See ECF No. 140.  Peery did not file a reply in support of her motion.  For the reasons discussed below, the motion to dismiss is **DENIED.**

### I.  Background

This civil action arises out of a longstanding Bible in the Schools ("BITS") program previously administered in many of the elementary and middle schools in Mercer County, West Virginia. Plaintiffs, Freedom From Religion Foundation, Inc., Jane Doe and her child Jamie Doe, and Elizabeth Deal and her child Jessica Roe, allege the BITS program violates the Establishment Clause and request an injunction prohibiting defendants from administering BITS in the future.  Elizabeth Deal and Jessica Roe also seek nominal damages.  By Memorandum Opinion and Order dated

March 31, 2020, the court granted defendants' motion to dismiss insofar as it sought dismissal of plaintiffs' claim for injunctive relief.  Only the claim for nominal damages remains pending.

Over 70 years ago, elementary and middle school students began participating in a public school Bible curriculum in Mercer County, West Virginia.  See First Amended Complaint ("FAC") ¶ 19.  In 1986, the Mercer County Board of Education ("the Board" or "BOE") assumed responsibility for administering the BITS curriculum.  See id. at ¶ 22.  A nonprofit organization, Bluefield Bible Study Fund, Inc., financed the program's expenses.  See id. at ¶ 24.  According to the First Amended Complaint, "[t]he Mercer County Board of Education has taken on all responsibilities for the program except financing."  Id. at ¶ 23.

Over her 25-year tenure, Deborah Akers, Superintendent of Mercer County Schools, allegedly implemented all Mercer County School policies and programs, including BITS.  See id. at ¶¶ 97-98, 106.  Defendant, Rebecca Peery, principal of Memorial Primary School was allegedly responsible for school policies and instruction at Memorial Primary School, located in Mercer County (where the plaintiff Jessica Roe previously attended), including

2

approving BITS lessons pursuant to Mercer County Schools' Policy I-45.  See id. at ¶¶ 99-103.  Mercer County School Policy I-45 directs teachers to develop lesson plans and submit them to their school principals for review.  See id. at ¶¶ 101, 106.

The First Amended Complaint, filed on March 28, 2017, included five (5) plaintiffs:  two parents, their two children, and Freedom from Religion Foundation ("FFRF").  Plaintiff parents, "Jane Doe" and Elizabeth Deal sued individually and on behalf of their children "Jamie Doe" and "Jessica Roe," respectively.  See id. at ¶¶ 8-17.  Jane Doe is the only individual plaintiff who is a member of FFRF, a national group that "defends the constitutional principle of separation between state and church and educates the public about the views of non-theists."  Id. at ¶ 8.

From 2012 to 2016 (kindergarten to third-grade), Jessica Roe, daughter of Elizabeth Deal, attended Memorial Primary School in Mercer County, but her mother declined to allow her to participate in the program.  See id. at ¶¶ 34-38.  Roe was allegedly "harassed by other students" and "felt excluded" because she did not participate in BITS.  Id. at ¶¶ 45, 46.  In August 2016, for her fourth-grade year and before the lawsuit was filed, Jessica Roe transferred to a "neighboring school" that did

3

not sponsor BITS.  Id. at ¶ 48.  According to Elizabeth Deal, the BITS program was a "major reason" for Jessica's transfer.  Id.

Peery alleges that the case should be dismissed as to her because plaintiffs have failed to state a claim upon which relief may be granted.  Peery also argues that she should be dismissed from the lawsuit because she is protected by qualified immunity.

## II.  Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim."  Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)).  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 474, 474 (4th Cir. 1997).

In evaluating the sufficiency of a pleading, the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v.

Iqbal, 556 U.S. 662 (2009), provide guidance.  When reviewing a
motion to dismiss, under Federal Rule of Civil Procedure
12(b)(6), for failure to state a claim upon which relief may be
granted, a court must determine whether the factual allegations
contained in the complaint "give the defendant fair notice of
what the . . . claim is and the grounds upon which it rests,"
and, when accepted as true, "raise a right to relief above the
speculative level."  Twombly, 550 U.S. at 555 (quoting Conley v.
Gibson, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R.
Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).
"[O]nce a claim has been stated adequately, it may be supported
by showing any set of facts consistent with the allegations in
the complaint."  Twombly, 127 S. Ct. at 1969.  As the Fourth
Circuit has explained, "to withstand a motion to dismiss, a
complaint must allege 'enough facts to state a claim to relief
that is plausible on its face.'"  Painter's Mill Grille, LLC v.
Brown, 716 F.3d 342, 350 (4th Cir. 2013) (quoting Twombly, 550
U.S. at 570).

     According to Iqbal and the interpretation given it by our
appeals court,

        [L]egal conclusions, elements of a cause of action, and
        bare assertions devoid of further factual enhancement
        fail to constitute well-pled facts for Rule 12(b)(6)
        purposes.  See Iqbal, 129 S.Ct. at 1949. We also

decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n. 26 (4th Cir. 2009); <u>see also Iqbal</u>, 129 S. Ct. at 1951-52.

Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" <u>Id.</u> at 1952 (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955).

Satisfying this "context-specific" test does not require "detailed factual allegations." <u>Id.</u> at 1949-50 (quotations omitted). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." <u>Id.</u> at 1950. Without such "heft," <u>id.</u> at 1947, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," <u>id.</u> at 1949, fail to nudge claims "across the line from conceivable to plausible." <u>Id.</u> at 1951.

<u>Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 255-56 (4th Cir. 2009); <u>see also Midgal v. Rowe Price-Fleming Int'l, Inc.</u>, 248 F.3d 321, 326 (4th Cir. 2001) ("The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion.").

### III.  Analysis

In evaluating whether religious programs in public schools violate the Establishment Clause, courts employ the three-pronged <u>Lemon</u> test, which requires that (1) the activity have a secular purpose, (2) the activity has a principal or primary effect, which neither advances nor inhibits religion, and (3) the activity does not foster excessive entanglement with religion. <u>See</u> <u>Lemon v. Kurtzman</u>, 403 U.S. at 612-613 (1971); <u>see also</u> <u>Edwards v. Aguillard</u>, 482 U.S. 578, 584 (1987).  The court finds that plaintiffs have stated a facially plausible Establishment Clause claim and that the claims against Peery are not subject to dismissal for failure to state a claim.

Plaintiffs have alleged that, at all relevant times, Rebecca Peery was the principal of Memorial Primary School.  <u>See</u> FAC ¶ 17.  They have further alleged that, in that role, Peery "was responsible for school policies and managing instruction at Memorial Primary School while Jessica Roe was enrolled as a student there."  <u>Id.</u> at ¶ 99.  According to the FAC, "Peery was aware of the religious content of the Bible in the Schools program while Jessica Roe was a Memorial Primary School student." <u>Id.</u> at ¶ 100.  As well, "[p]ursuant to Mercer County Board of Education Policy I-45, teachers are required to develop lesson

plans for each subject they are responsible for teaching and they are directed to submit those plans to the school principal for review." Id. at ¶ 101.  Therefore, Peery either "approved of lessons related to the Bible in the Schools program or failed to review such lessons." Id. at ¶ 103.  Even after Elizabeth Deal complained about the BITS program, Peery allowed it to continue at Memorial Primary. See id. at ¶ 14.  Because of her mother's objection to BITS, Jessica Roe was removed from her classroom under Peery's leadership. See id. at ¶ 15.  Plaintiffs contend that "Mercer County Schools, Deborah Akers, and school principals, such as Rebecca Peery, worked in concert to implement and administer religious instruction to students." Id. at ¶ 106.

Plaintiffs' allegations, "along with the reasonable and favorable inferences that flow from" them, must be accepted on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Good v. American Water Works Co., Inc., Civil Action No. 2:14-01374, 2015 WL 3540509, *4 (S.D.W. Va. June 4, 2015) (Copenhaver, J.).  Accepting Plaintiffs' allegations as true and drawing all reasonable inferences in their favor, at this juncture, the court cannot conclude that plaintiffs have failed to state a claim against Peery.

Peery also argues that she is entitled to qualified immunity.  The defense of qualified immunity shields a government official from liability if the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  See Mellen v. Bunting, 327 F.3d 355, 365 (4th Cir. 2003).  To determine whether a complaint should survive a qualified immunity-based motion to dismiss, a court considers (1) whether a constitutional violation occurred and (2) whether the right violated was clearly established.  See Pearson v. Callahan, 555 U.S. 223, 236 (2009); Saucier v. Katz, 533 U.S. 194, 200 (2001); Melgar v. Greene, 593 F.3d 348, 353 (4th Cir. 2010).  A court may consider either prong of the qualified immunity analysis first.  Sims v. Labowitz, 885 F.3d 254, 260 (4th Cir. 2018).  "The defense does not shield officials, however, when they have acted 'incompetent[ly]' or have 'knowingly violate[d] the law."  Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 395 (4th Cir. 2014) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

"A qualified immunity defense can be presented in a Rule 12(b)(6) motion, but, as the Second Circuit has noted, when asserted at this early stage in the proceedings, 'the defense faces a formidable hurdle' and 'is usually not successful.'"  Id.

9

at 396 (quoting <u>Field Day, LLC v. Cnty. of Suffolk</u>, 463 F.3d 167, 191-92 (2d Cir. 2006)).  "This is so because dismissal under Rule 12(b)(6) is appropriate only if a plaintff fails to state a claim that is <u>plausible</u> on its face."  <u>Id.</u> (emphasis in original).

At this stage, it is impossible to determine if Peery is entitled to qualified immunity.  Significantly, Peery's brief assumes certain facts that not are alleged in the complaint and makes inferences that are neither favorable nor reasonable to the allegations that are actually in the complaint.  The resolution of these factual disputes is best resolved via a motion for summary judgment.  See <u>Atheists of Florida v. City of Lakeland, Fla.</u>, 779 F. Supp. 2d 1330, 1343 (M.D. Fl. 2011) (denying motion to dismiss because if defendant knowingly violated the law the qualified immunity defense would be unavailable to him and motion for summary judgment was proper mechanism to resolve factual disputes).  The court is not definitively saying that Peery is not entitled to qualified immunity.  Rather, the court is determining that the existence of this affirmative defense is not clear on the face of the complaint.

For all these reasons, defendant's motion to dismiss is **DENIED.**  The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED this 26th day of March, 2021.

ENTER:

David A. Faber
Senior United States District Judge